ANDREW G., APPELLANT, VS. CATHERINE A., APPELLEE.

1. In a prosecution under the statute for the maintenance of bastard children, the complaint should allege that the mother is a single or unmarried woman.

2. Such a prosecution must be in the name of the State.

3. A denial by the court of the defendant's right to plead any pertinent matter of law or fact in avoidance of or in answer to the complaint and its material allegations is error.

4. The swearing of the jury to try the issue "whether the defendant is the father of the bastard child of the plaintiff," that being the issue framed by the court against the objection of the defendant, as this issue assumes that a child has been born and is a bastard, and is error, it is also erroneous in that the State, and not the complaining witness, is the plaintiff, and the issue is between the State and the defendant, and not between the witness and the defendant.

5. The judgment in proceedings of this character, if against the accused, should be in favor of the State, and not in favor of the complaining witness, the mother of the child.

6. The expenses attending the birth of a bastard child, when allowed by the court under the statute, should be ascertained by proofs and not otherwise, so that the defendant may have an opportunity to contest the facts.

Appeal from the Circuit Court for Manatee county.

The facts of the case are stated in the opinion of the court.

*James T. Magbee* for Appellant.

THE CHIEF-JUSTICE delivered the opinion of the court.

This is a proceeding purporting to be had under the law for the maintenance of bastards.

Complainant made oath that she had been " delivered of a child, which, by law, would be deemed a bastard, and that one A. G. is the father of said child," and a warrant was issued by a justice of the peace, upon which the sheriff returned that he had " executed the within warrant," and it was afterward filed in the Circuit Court. It does not appear than any issue was made before the justice of the peace, or that an examination was had before him in the presence of the alleged father of the child, or that the justice found that " sufficient cause " appeared to hold the accused to answer before the Circuit Court.

At the Spring Term, 1878, the court, " instead of causing the parties to make up the issue made it up himself, and entered the same upon his docket, in words and figures, as follows: "Whether the defendant is the father of a bastard child, the child of the plaintiff," to which proceeding of the judge the defendant excepted, and objected to further proceeding with the cause.

The case then proceeded in the form of an action of Catherine A. vs. Andrew G. A jury was called and sworn, who, after hearing the evidence, rendered a verdict, " That the defendant, Andrew G., is the father of the bastard child of the plaintiff." Defendant moved for a new trial, on the ground that the issue was not made up according to law; that thereby the defendant was deprived of the privilege of making such defence as the law allows to him, and the court overruled the motion and entered a judgment as follows:

" Whereupon it is ordered, adjudged and decreed that the plaintiff, Catherine A., do have and recover of the defendant, Andrew G., the sum of five hundred dollars, for the support, maintenance and education of said bastard child, to be paid in yearly installments of fifty dollars per year, together with the further sum of fifty dollars for incidental expenses attending the birth of said bastard child, and the further sum of $15.85 for the costs in this behalf expended. It is further ordered and adjudged that the defendant, Andrew G., do enter into bond, with good and sufficient security, to be approved by this court, for the due and faithful payment of the said sums of money at the times therein named, which shall be payable to the court, to be laid out and appropriated under the order of the court, for the support, maintenance and education of the said bastard child."

The defendant appeals from this judgment, and assigns several grounds of error. One ground is that the defendant having produced no evidence on the trial, he was entitled to close the argument to the jury, which was denied him by the court. The record does not show any such denial, nor an exception embracing this point. Another ground of error is, that the court instructed the jury that they had nothing to do with the character of either party, the mother of the child being a witness. There appears in the record no exception to the charge of the jury, or to any part of it, and, therefore, it presents no ground of review by this court. We remark, however, that the question of the credibility of the mother as a witness, to be determined by the jury, she being the complainant and answerable for costs, &c., was ruled upon by the court in the case of Cameron vs. The State, decided at the last term of this court. 16 Fla.

The other alleged errors relate to the making up of the issue by the court, and compelling the defendant to go to trial without giving him an opportunity to plead or demur to the complaint and proceedings, and the allowance of the

sum of fifty dollars for incidental expenses attending the birth of the child, without any proof as to the expenses, and without giving the defendant · an opportunity to controvert the same.

It is very evident that the defendant was prejudiced by the proceeding in regard to the making up of the issue. The court may control the making up of the issue according to the statute, but the defendant should have been allowed to object or plead to the sufficiency or substance of the complaint. In doing so, he would doubtless have made the objection that the complaint was not sufficient to hold him to answer.

The statute (Th. Dig., 228,) contemplates that the complainant is a " single woman." It does not appear by the complaint that she ' was unmarried, yet the issue, as presented by the court, assumes that the woman was unmarried, and that the child was a bastard. " Whether the defendant, Andrew G., is the father of the bastard child of the plaintiff, Catherine A.," was the issue which the jury was sworn to try according to the record, thus assuming that there was a bastard child, and that it was the child of complainant, a single woman. All these facts should be open to controversy.

The statute providing that the court shall cause an issue to be made up " whether the reputed father is the real father or not," intends that there shall be an issue made upon that fact by the plea or traverse of the accused, or by the order of the court, so that the question shall be distinctly presented to the jury, and is not intended to dispense with, or take for granted without proof, other facts equally important, as, whether the complainant is a " single woman," &c., because the mere proof that a man is the father of a child is not sufficient to establish the bastardy.

The question whether she is a single or unmarried woman is a question of fact, upon which the defendant may

take issue in his pleadings and proofs, and it would be the duty of the court to present the issue distinctly to the jury.

The statement in the complaint that she was "delivered of a child, who, by law, would be deemed a bastard," is that of a legal conclusion drawn by the affiant, unsupported by the statement that she was single, or not a married woman, as the statute requires, to authorize the issuing of a warrant.

The complaint, therefore, does not state facts sufficient to authorize the proceeding, and the defendant should not have been held. He should have been allowed to raise this point by motion or demurrer.

As to the question whether the court should arbitrarily fix, by judicial judgment and without evidence, the amount of the expenses attending the birth of the child, (though this point does not necessarily arise in view of what has been said,) it is deemed proper to say that the court should determine it upon evidence and not upon conjecture. What the amount of those expenses were is a question of fact and not of law.

As to the judgment in this case we remark that it was not warranted by law. The proceeding should be conducted in the name of the State; the issue is between the State and the defendant; it concerns the people and the defendant, and the case is a "prosecution" within the meaning of Sec. 2, Art. 6, of the Constitution.

The complainant is a prosecuting witness, although interested in the event as to costs and compensation.

This judgment, therefore, whereby she recovers the moneys adjudged, is erroneous.

The recovery should be in the name of the State, and the security given to the State, or to the Governor of the State.

This matter was examined also in the case of Cameron vs. The State, above referred to.

The result is, that the judgment must be reversed and the cause remanded, with directions to dismiss the complaint.