E. D. P., APPELLANT, VS. THE STATE, EX REL., G. O.,
APPELLEE.

1. In a complaint under the law relating to bastardy, it should be stated, affirmatively on oath, that the mother of the bastard child is a single or unmarried woman. The recital by the magistrate is not sufficient.

2. The act relating to bastardy requires a sufficient complaint to be made before a Justice of the Peace, and the Circuit Court can obtain jurisdiction only in the manner prescribed by law.

3. The remedy in cases of bastardy is a special proceeding provided by law, and the acts relating to amendment of pleadings, do not apply to the amendment of a complaint so as to make a case not stated in the complaint before the Justice.

Appeal from the Circuit Court for Clay county.

The facts of the case are stated in the opinion.

*Fleming & Daniel* for Appellant.

*S. Y. Finley* and *R. W. Davis* for Appellee.

THE CHIEF-JUSTICE delivered the opinion of the court.

Complaint was made before the County Judge of Clay county as follows:

"Personally appeared before me, Wm. Peeler, County Judge, and *ex-officio* Justice of the Peace in and for said county, G. O., a single woman, who being duly sworn says, that she accuses P. of being the father of a bastard child of which she was delivered on the 27th June, 1878, in the county aforesaid, the same being a female child, to wit, in the county aforesaid." She therefore prays a warrant for his arrest, &c. This was signed and sworn to, and a warrant was issued.

The record does not disclose whether an examination was had before the magistrate, as directed by the statute,

but defendant being arrested executed a bond with sureties for his appearance at the Circuit Court. The defendant, at the term of the Circuit Court, moved to dismiss the proceedings on the ground that there was no examination before the magistrate, and it did not appear that the magistrate found that sufficient cause appeared to hold the accused to answer, and upon the further ground that the complaint did not set forth on oath that the complainant was a single woman, and that it is therefore insufficient.

The court overruled the motion. The next day a new complaint was presented, signed by the attorney for the relator and sworn to by her, and appears among the files.

Thereafter, on motion of complainant's counsel, an issue was made up by the court, and the cause tried before a jury, who rendered a verdict against the defendant upon the issues and judgment entered thereon, a motion for a new trial having been overruled. Defendant appeals.

The proceedings relating to the maintenance of bastard children are regulated by statute, and are in the form of procedings in criminal cases, the judgment sought being the indemnity of the complainant and the public against the expenses of maintaining such children. It is not strictly a proceeding for the punishment of crime, nor is it a civil action between parties, but is essentially a special proceeding, the form and method of coercive warrants and arrest being employed to secure the personal attendance of the accused and the exaction of security in case the complaint is sustained.

The making of the complaint and the holding to trial by the magistrate are the statutory means by which the Circuit Court obtains jurisdiction to try the cause and render judgment. There is no other method of obtaining such jurisdiction.

If the complaint upon which the warrant was issued does

not contain a sufficient statement of facts to make a case before the Circuit Court for trial, the case should be dismissed from that court.   An amendment to the complaint, by charging on oath facts not sufficiently or substantially charged before the magistrate, cannot be allowed by the Circuit Court, because the statute does not authorize an original complaint to be made in the latter court, and such an amendment is an original complaint.   In other words, if the original complaint was insufficient, the warrant of arrest is unauthorized, and the accused should not be held under it.   Counsel for appellee insist that the statutes relating to amendment of pleadings in civil cases (Th. Dig., 332, Sec. 2; Act of 1861, Ch. 1096, Sec. 74,) are applicable, and that this is a case of mere amendment of pleadings.   We think that these statutes do not apply for reasons already stated.   The authority to issue the warrant and hold the defendant to a trial depends upon the validity of the complaint before the Justice.

On examining the complaint it is found that it omits the essential statement on oath of the fact that the complainant is a single or unmarried woman.   She states that " she accuses " the defendant " of being the father of a bastard child of which she was delivered," but the statute authorizes this proceeding only when the complainant is a "single woman," and this fact she does not state on oath.   It is true the magistrate recites that the complainant, " a single woman," being duly sworn, says, &c.   This is the statement of the magistrate and not of complainant.

No perjury can be assigned upon this statement of the officer, because it is not a fact stated on oath.

The complaint, therefore, was not sufficient in its statement of facts to authorize the issuing of the warrant, and it should therefore have been dismissed.

12

It is not necessary to examine other questions presented. The judgment is reversed and the Circuit Court must dismiss the complaint.