WILLIAM H. T., PLAINTIFF IN ERROR, VS. THE STATE OF FLORIDA EX REL. M. C., DEFENDANT IN ERROR.

1. A motion for a new trial will not be entertained at a term subsequent to the one at which a cause was tried and a verdict rendered. In order to obtain a new trial on such motion the statute must be complied with. McClellan's Digest, 453.

2. An affidavit made by the complainant in a case of bastardy, alleging that she is a single woman, has been delivered of a child, which by law is held a bastard, and that the person charged is the father, is sufficient under the statute to authorize the issuing of the process provided thereby. It is not necessary to allege that she was a single woman prior to such delivery ; that is a matter for proof upon the trial.

3. It is not necessary to arraign the defendant on the trial. He answers to the complaint in the Circuit Court, and from thence the proceedings are conducted as in civil actions. Prosecutions under this statute partake partly of a criminal and partly of a civil character. In getting into the Circuit Court it partakes in form of the criminal, when there it is a civil action. It was not designed to punish the accused for crime, but to make him contribute to the support of the child.

Writ of Error to the Circuit Court for Madison county. The facts of the case are stated in the opinion.

*W. R. Boyd* and *F. W. Pope* for Plaintiff in Error.

*The Attorney-General* for the State.

MR. JUSTICE VANVALKENBURGH delivered the opinion of the court.

On the 20th day of October, 1880, one Maggie C. complained before Robert M. Witherspoon, County Judge and *ex-officio* Justice of the Peace for the county of Madison, that she had been delivered of a bastard child, and that William II. T. was the father of said child, and made her affidavit, which is in the words as follows:

"State of Florida, County of Madison.

"Before the subscriber, Robert M. Witherspoon, County Judge and *ex-officio* Justice of the Peace in and for said county, personally came Maggie C * *, who, being duly sworn, says that on the 19th day of May, A. D. 1880, in the county and State aforesaid, the deponent, being a single woman, she was delivered of a girl child, which by law is deemed and held a bastard, and that William H. T * * is the father of said bastard child.           MAGGIE C * *."

"Sworn to and subscribed before me this 20th day of October, A. D. 1880.

ROBT. M. WITHERSPOON,
County Judge and *ex-officio* Justice of the Peace."

Upon such affidavit the County Judge and *ex-officio* Jus-

tice of the Peace issued his warrant for the arrest of the said William H. T., and such proceedings were thereupon had that the said T. gave his bond with sureties in the sum of five hundred dollars, conditioned for his appearance at the next term of the Circuit Court to be held in and for said county of Madison.

That on the 12th day of April, A. D. 1881, the parties appeared in the Circuit Court, and such proceedings were had that issues were made up by the court as follows:

" I. Whether Maggie C. was delivered of a female child at the time alleged in the affidavit, to-wit: on 19th day of May, 1880, in Madison county, Fla."

" II. Whether said Maggie C. is now and was then and there a single woman."

" III. Whether said child is now living in the county of Madison, Fla."

" IV. Whether William H. T., the defendant, is the father of said child of which the said Maggie was delivered as aforesaid."

The cause was tried and the jury found " that Maggie C. was a single, unmarried woman on the 19th day of May, 1880; that on said 19th day of May, 1880, she gave birth to a live girl child; that said child is now living, and that William H. T. is the father of said child."

The defendant's counsel then moved in arrest of judgment for the following reasons:

1. Because the affidavit of complainant does not allege the relator to have been a single woman at the time of conception, or at any time prior to the alleged delivery of said child.

2. Because the affidavit of complainant is insufficient and defective, and does not set forth the necessary ingredients of said charge.

3. Because the verdict rendered in said cause does not

find the relator to have been a single woman prior to alleged delivery of said child.

4. Because this court has no jurisdiction of said charge as appears by the record.

5. Because of other defects and irregularities on the face of the record.

The record shows that by order of the court this motion went over to the next October term of the court for argument; that it was then argued and overruled by the court. The defendant's counsel then, at the October term of the court, the cause having been tried, and the verdict rendered at the April term preceding, moved for a new trial upon several alleged grounds. This motion for new trial was also overruled.

Exceptions were taken to the ruling of the court on both of said motions, and the case is in this court on a writ of error.

The motion for a new trial was made at a term subsequent to the one at which the trial was had. It does not appear that it was entered upon the motion docket, or the reasons filed with the clerk during the same term and within four days after the verdict was rendered; but it does appear that no movement for the purposes of procuring a new trial was made until nearly six months after verdict. The statute is explicit upon this point. " No motion for a new trial or in arrest of judgment shall be made unless the party intending to make the same shall file his reasons with the clerk in writing, and cause his motion to be placed upon the motion docket within four days after the verdict shall have been rendered, and during the same term." (McL.'s Dig., 453 ; 16 Fla., 70, 199.) The record states " that the court did consider and decide that the said motion should not be granted." As in the case of Dupuis vs. Thompson, 16 Fla., 70, " the entry might have stated more clearly that

JANUARY TERM, 1882.    887

W. H. T. v. The State ex rel. M. C.—Opinion of Court.

the court refused to consider the motion, still a fair construction of the record gives it that effect." There is, therefore, no error in the denying the motion for a new trial.

The motion in arrest of judgment was entered at the April term of the court and by order of the court was continued to the fall term, when it was argued and decided.

The statute under which these proceedings were had provides: " That when any single woman who shall be pregnant or delivered of a child, who by law would be deemed and held a bastard, shall make a complaint to any one or more Justices of the Peace for the county where she may be so pregnant or delivered as aforesaid, and shall accuse any person of being the father of such child, it shall be the duty of such Justice or Justices to issue a process," &c. The counsel for the defendant in his reasons for arresting the judgment first says that the affidavit of the complainant does not allege the relator to have been a single woman at the time of conception, or at any time prior to the alleged delivery of said child. The statute does not require such allegations. It requires only an allegation that she is a single woman and pregnant, or that she has been delivered of a child. It provides for a trial upon issues to be framed, and upon such trial the person accused of being the father has full opportunity to be heard by counsel and witnesses. The affidavit of the complainant upon which the process was issued distinctly alleges and charges that she being a single woman has been delivered of a child which by law is held a bastard, and that the defendant is the father. There is nothing requiring a specific allegation of the woman having been single at the time of conception, or at any other time prior to the delivery of the child, to be found in the statute. The affidavit in this case is clearly sufficient to warrant the issue of the process by the Justice

888 SUPREME COURT.

W. H. T. v. The State ex rel. M. C.—Opinion of Court.

of the Peace. (McL.'s Dig., 126.) What is said in this connection with reference to the first ground of the motion sufficiently covers the second ground.

The third ground that the verdict does not find the relator to have been a single woman prior to the alleged delivery of the child is equally untenable. The statute does not require it, and although it was a fact embraced in the issues it was not material to have been specially found. The jury did find that the relator was a single woman at the time of the delivery, and this after a trial at which the defendant was represented by counsel. There is none of the evidence in the case before us, and what the proof was we are not informed, but undoubtedly the interests of the defendant were carefully attended to. Williams vs. The State, 29 Ala., 10; Austin vs. Pickett, 9 Ala., 102.

The fourth reason assigned is, that the court had no jurisdiction of the case as appears by the record. The record shows a compliance with the statute in every respect, so far as we can see. The affidavit of complainant was made before a Justice of the Peace, the defendant was arrested, gave a bond for his appearance at the next term of the Circuit Court, at which term he appeared, issues were framed, and he was tried. The jurisdiction appears to have been complete, and the counsel has failed to point out any defect in the record that shows the want of such jurisdiction.

This disposes of the alleged errors assigned in the motion in arrest of judgment.

The counsel in his brief here makes the further point, and alleges it as error, that the defendant was not arraigned before trial, and insists that inasmuch as this is a *quasi* criminal charge he should have been so arraigned. In the case of John D. C. *ex rel.* Julia V. H., 16 Fla., 554, this court held that under the statute authorizing proceedings in bastardy an action was *quasi* criminal; that is, it bore a

resemblance in its inception to criminal proceeding. It was so far criminal in its nature as to cause the arrest by process of the defendant, and if upon examination sufficient cause appeared, that such defendant should give a bond with good security for his appearance before the next Circuit Court for the county; that such court had then complete jurisdiction, and cause an issue to be made up and tried by jury; that then, the trial is had in the same manner and after the same form as provided for trials of other civil causes in that court. The affidavit of the complainant, taken by the Justice of the Peace, is filed in the Circuit Court and becomes the complaint which defendant must answer. It is not necessary to arraign the defendant, but he answers the complaint; and from thence the proceedings are of a character and are conducted in the manner of a civil action. Prosecutions under this statute partake partly of a criminal and partly of a civil character. It was not designed to punish the accused for a crime, but to make him contribute to the support of the child. In getting into the Circuit Court with the case it partakes of the criminal in form, when there it is a civil action.

The judgment is affirmed.