C. T., APPELLANT, VS. THE STATE OF FLORIDA, APPELLEE.

1. The laws of this State (Mc's. Dig., 126,) clearly point out the manner of proceeding in cases of bastardy. These laws must be strictly complied with in order to charge the father of an illegitimate child.

2. The complaint must show that the mother is a single woman, and it must appear by the record that process was duly issued on her complaint; that the alleged father was arrested by a proper officer; that upon his appearance in court, the female making the complaint was examined on oath in his presence touching the charge against him, and that in the Circuit Court an issue was made "by the plea or traverse of the accused or by the order of the court."

Appeal from Circuit Court for Putnam county.

The facts of the case are stated in the opinion.

*B. F. Roberts* for Appellants.

MR. JUSTICE VANVALKENBURGH delivered the opinion
of the court:

The record in this case certifies that on the 20th day of
October, 1884, there was filed in the office of the Clerk of
the Circuit Court in the county of Putnam an affidavit as
follows:

"COUNTY OF PUTNAM, } ss.
   "State of Florida.

"Personally appeared before me G. A. C., who, being duly
sworn, deposes and says, that on the 21st day of March,
1884, she was delivered of a child which is now living.
That one C. T. is the father of said child, that affiant and
said T. have not been and are not now married, and that
said child is illegitimate.   Whereupon she prays that pro-
cess issue according to law against the said C. T., and
that he be dealt with according to the statutes of this State
made and provided in such cases.            G. A. C.

"Sworn to and subscribed before me this October 13th,
1884.                        "BENJ. HARRISON,
      (Official Seal.)                    "County Judge."

Next in the record follows copy of a bond made by the
defendant with two sureties providing and conditioned for
the appearance of the defendant "at the next term of the
Circuit Court to be held in and for said county to answer
to an indictment for bastardy and shall not depart," &c.

The record further shows that on the 19th day of No-
vember, 1884, at a term of the Circuit Court held for the
said county of Putnam, at Palatka, the parties appeared
and a jury was called and sworn "to try whether the defend-
ant, C. T., the reputed father of the child alleged by G. A.

C. to be his, is the real father of the child or not, and having heard the evidence introduced herein, the arguments of counsel, and being duly instructed by the court, the jury retired to consider of their verdict; and afterwards the said jury returned into court their verdict as follows: We, the jury, find the defendant, C. T., the real father of the child of G. A. C."

The attorney for the defendant moved for a new trial upon several grounds, which motion was denied, the defendant duly excepting, whereupon judgment was entered against the defendant who then perfected his appeal to this court.

The errors assigned are as follows:

1st. There was no warrant issued against the defendant as is required by law in such cases.

2d. There was no return to the Justice or Justices of the Peace by the Sheriff or Constable of such warrant as is required by law.

3d. There was no examination of the complainant by the Justice as is required by law.

4th. There was no issue between the witness and the defendant.

5th. There was no sufficient complaint filed with the Justice of the Peace to justify proceedings of bastardy.

6th. The Circuit Judge committed error in empanelling and swearing a jury to try an issue of his own making "whether C. T. was the real father of the child alleged to be his by G. A. C." as it nowhere appears that C. T. ever denied the charge.

7th. The court erred in permitting and trying a defendant not within the jurisdiction of the court, and not permitting the parties to the action proper to form an issue so as to allow the defendant a chance to plead or demur.

8th. The State of Florida is made the plaintiff instead of the prosecuting witness.

9th. Because if everything alleged in the aforesaid affidavit were true and the defendant had been properly before the court and the verdict of the jury had been correct and true, it all would not justify the judgment awarded thereon as it does not appear that the mother is an unmarried or single woman.

The statutes of this State in regard to bastards and their maintenance, is very plain and simple. Section 1, Chapter 2d, McClellan's Digest, page 126, provides as follows: " When any single woman who shall be pregnant or delivered of a child who by law would be deemed and held a bastard, shall make complaint to any one or more Justices of the Peace, for the county where she may be so pregnant or delivered as aforesaid, and shall accuse any person of being the father of such child, it shall be the duty of such justice or justices to issue a process directed to the sheriff, coroner or constable of such county against the person so accused as aforesaid, and cause him to be brought forthwith before him or them, and upon his appearance it shall be the duty of said justice or justices to examine the said female on oath, in the presence of the man alleged to be the father of the child, touching the charge against him, and if said justice or justices shall be of opinion that sufficient cause appears, it shall be his or their duty to bind the person so accused in bond with good and sufficient security to be and appear before the next Circuit Court to be holden for said county," &c.

It nowhere appears in this record that the waman was a " single woman." The affidavit made before the County Judge, and which is the complaint, should allege that the mother is a " single woman." No process directed to the sheriff, coroner or constable of said county, as is provided

for and expressly required by the statute seems to have been issued by the County Judge, acting as a Justice, nor does it appear in the record that the defendant was ever arrested on any process of the court, or that there was any examination of the female upon her oath before the Judge, in the presence of the alleged father of the child, touching the charge against him. No issue was made up for trial in the Circuit Court. The defendant was not called upon to plead, but the jury was sworn " to try whether the defendant, C. T., the reputed father of the child alleged by G. A. C., to be his is the real father of the child or not."

The manner pointed out by the statutes in such cases must be strictly followed. In this case it was far otherwise. We have had occasion frequently to decide what was necessary in such cases. John, D. C. vs. J. V. H., 16 Fla., 554; Andrew G. vs. Catharine A., 16 Fla., 830; W. H. T. vs. The State, 18 Fla., 883; E. D. P. vs. The State, 18 Fla., 172.

The judgment of the court below is reversed and defendant discharged.