EX-PARTE TITUS HAYS, HABEAS CORPUS.

1. A proceeding in bastardy is a special proceeding, and must be conducted with substantial strictness, as the statute directs, and if the complaint or affidavit before a magistrate on which it is founded, does not contain averments essential to constitute bastardy, neither the magistrate, nor the Circuit Court to which he sends it, acquires jurisdiction to hear the case.

2. A complaint by a woman that she is single, and that on a certain day she was delivered of a child, of which a named person is the father, is defective in not stating that the child would "by law be deemed and held a bastard," or stating the equivalent thereof, this being an essential ingredient of the offence.

3. A person condemned to custody in a bastardy proceeding in which, owing to the absence of necessary averments, the court has not acquired jurisdiction, will be discharged on *habeas corpus.*

This is a case of original jurisdiction.

The facts of the case are stated in the opinion of the court.

*Geo. W. Walker, A. W. Cockrell & Son* for Petitioner.

This is a civil action. 18 Fla., 883.

Contended that after appearance of defendant in Circuit Court that his bondsmen for appearance are released, and the proceeding then being civil in character the Circuit Court has no authority to keep defendant in custody after verdict of jury unless he be condemned by the Judge of said court to pay a specific sum of money per annum, and to give bond for the security of the same, when, as a matter of course, detention can be ordered until bond is given.

In civil actions it is not .necessary that a party against whom judgment is to be rendered must be bodily in court, but he can be constructively in court.

Under the statute relating to bastardy, ch. 2, McD.'s Dig., in section 3, the following language is used : " If the issue

be found against the defendant or reputed father, then he shall be *condemned*," &c. This statute must be a *rule* of *law* specially prescribing when defendant must be condemned, the purpose of the statute being that *from that time* (term of court) the defendant must contribute to the support of the child and continue to do so for ten (10) years from then (term of court). If, therefore, the judge fail to render judgment during the term of court when verdict was rendered, he loses the power and authority to do so. In Hyde vs. Cushey, 18 Mo., 359, the court says : *   *   * " But where the court omit to do that which the rules of law and the practice of the court it may legally do, it cannot supply such omission at a subsequent time by making an entry *nunc pro tunc* " * * *. Has then the judge authority to render such a judgment except at the trial term, as a judgment rendered at a subsequent term would be·in the nature of a *nunc pro tunc* judgment, that is, it must relate back to the former term of court.

Can a judge render judgment upon the verdict of a jury in civil actions after the term has expired at which verdict was returned, unles minutes of the court show that judgment in that particular case was suspended for certain reasons whether there was any special statutory directions in the matter or not ?

Contended that it cannot be done, and if there was no statute directing when judgment shall be rendered in cases like this, that should the judge fail to render judgment during the trial term, and the minutes of the court fail to show that judgment was suspended for reason, that the judge at next term could not render judgment.

*The Attorney-General* for the State.

MAXWELL, J.: On the 25th day of March, 1887, Rachel Cromartie made a complaint before a Justice of the Peace

of Leon county against the petitioner, saying " that she is a single woman, and that on the 6th day of January, 1887, she was delivered of a live child in the county of Leon, and that one Titus Hays, of said county, is the father of said child." Hays was arrested and carried before the Justice, and on the 6th day of April, 1887, gave bond conditioned for his appearance " at the next term of the Circuit Court to be held in and for said county (Leon) to answer an indictment for bastardy."

The next term commenced the first Monday of December of that year. There was no action in the case till the 3d day of January, 1888, when it was dismissed, but was reinstated January 6th thereafter. The next step was a trial of petitioner, April 28th, 1888, after arraignment on a plea of not guilty, which resulted in a verdict of guilty, whereupon he was remanded by the court to the custody of the Sheriff· The judgment or sentence of the court was rendered on this verdict April 29th, 1889, condemning petitioner to pay twenty-five dollars yearly for ten years for the support of the child, and directing " that the Sheriff of Leon county do take (him) into custody, and safely keep (him) until (he) give bond   *   *   for the due and faithful payment of said moneys," &c. Under this sentence he has been kept in jail, and now seeks relief here by *habeas corpus*, alleging that his detention is without authority of law.

The proceeding in bastardy is statutory, and must be conducted with substantial strictness as the statute directs. To acquire jurisdiction in the Circuit Court the case must get there from a complaint before a Justice of the Peace by a " single woman, who shall be pregnant or delivered of a child who by law would be deemed and held a bastard," accusing a named person of being the father of such child, and an examination by the Justice finding sufficient cause for the complaint, and a bond given by the accused on the

order of the Justice to appear before the next Circuit Court to be holden for said county.

It has been several times decided by this court that the proceeding, though quasi criminal, when it reaches the Circuit Court becomes a civil proceeding; but it will be seen from the foregoing statement that the case was conducted in the Circuit Court as a criminal prosecution, and that the issue which the statute requires the court to cause " to be made up, whether the reputed father is the real father of the child or not," was not made. This was error resulting probably from the fact that this court has held that on failure of the accused to give bond as the statute requires for the payment of the condemnation money, the Circuit Court may order that he be taken into custody by the Sheriff, and held until he does give such bond; but this is not by virtue of the criminal jurisdiction of the court, and it is apparent that this court in *Ex parte* J. G. H., 17 Fla., 362, so considered, and that it found authority for such an order in the rule announced in the opinion that "from a grant of judicial power to make the order to do a specific act, results the power to enforce its performance by the usual method." But this error, and others alleged, if they are errors are not to be corrected by *habeas corpus.* If the court had acquired jurisdiction of the case, they were errors of procedure for which appeal would lie, and that would be the proper and only remedy for the petitioner. *Habeas corpus* cannot be made to serve the purpose of appeal or writ of error.

The question then is, did the court acquire jurisdiction of the case? We think not. In a special proceeding of this kind everything the statute makes an ingredient of the case must be made to appear in the beginning. The affidavit or complaint of the prosecutrix before the magistrate is the foundation of the proceeding, and if it fails to show jurisdictional facts the action on it of either the magistrate or the

court to which it is sent will be *coram non judice* and void. In this case the only essential averments are that the prosecutrix is a single woman, that on a certain day she was delivered of a live child, and that the petitioner is the child's father. All that may be true, and yet not make a case of bastardy. When the child was begotten she may have been for aught that appears a married woman, either of the petitioner or of some other man, and if she was it was not a bastard, for the law is that " a bastard * is one that is not only begotten but born out of lawful matrimony." 1 Blackstone, 454. Hence the statute requires that it must be "a child who by law would be deemed and held a bastard." This is not alleged in the words of the statute, nor alleged substantially. It is, however, a chief and necessary fact, and in its absence there can be no jurisdiction to try the other facts.

In our opinion this is a fatal defect, and all the proceedings void for want of jurisdiction. The petitioner will be discharged.