FRANKLIN C. THOMAS, APPELLANT, VS. THE STATE OF FLORIDA EX REL., MARTHA ROBERTS, APPELLEE.

1. One of the grounds of motion for new trial is error alleged in a charge of the court to the jury. The transcript of the record does not show what charges, if any, were given to the jury, and it does not otherwise appear than by the recitation in the motion for a new trial that the court gave the jury the charge complained of, therefore the alleged erroneous matter not appearing affirmatively of record, can not be reviewed by this court.

2. A complaint in a bastardy proceeding which alleges that the complainant "is a single woman, and is now pregnant with child within the said sixth justice district of the county of Hillsborough, in the State of Florida,.which said child when born will in law be deemed and held to be a bastard, and that the defendant (naming him) of the said county of Hillsborough and State of Florida, is the father of said child," is sufficient. Such complaint is not required to state that the complainant was not a married woman at the time. of conception of the child. The averment "which said child when born will in law be deemed and held to be a bastard," when connected with the other allegations of the complaint can not be held to be only an allegation of a conclusion of law.

Appeal from the Circuit Court for Hillsborough county.

The facts in the case are stated in the opinion of the court.

*Barron Phillips*, for Appellant.

No appearance for Appellee.

LIDDON, J.:

Judgment against the appellant was entered in the Circuit Court in a proceeding against him for bastardy. Omitting formal commencement and jurat, the complaint against him reads as follows: "Martha Roberts being first duly sworn deposes and says that she is a single woman, and is now pregnant with child within the said sixth justice district of the county of Hillsborough, in the State of Florida, which said child when born will in law be deemed and held to be a bastard, and that Franklin C. Thomas, of the said county of Hillsborough and State of Florida, is the father of said child." There is no bill of exceptions, and none of the proceedings at the trial appear in the transcript of the record. A motion for new trial was made upon various grounds. The complainant's attorney moved to strike the motion for a new trial from the files upon various grounds, among others, that such motion alleges matters and things which are untrue, and which did not happen during the trial of the cause. The court granted the motion to strike, and struck the motion for a new trial from the files. The counsel for appellant makes no argument as to any error in practice in this disposition of the motion for a new trial, instead of overruling it. He only asks that "this court will treat said action of the court as if it had not been taken, and give the defendant the benefit of his motion, the same as if it had been overruled." Disposing of the case in accordance with this view of counsel, we examine the merits of the motion for a new trial. The only ground of such motion which is argued here is the sixth. This ground is predicated upon an al-

leged erroneous charge of the court to the jury. The record does not show what charges or instructions were given to the jury, and it does not otherwise appear than by recitation in the motion for a new trial that the court gave the jury the charge complained of. "Where proceedings of the court alleged to be erroneous do not affirmatively appear of record, but only by way of recital in a motion of counsel which was denied, this court will not assume that such proceedings were actually had, and will not review a fact so recited." McNealy and Roulhac vs. State, 17 Fla. 198; Bryant vs. State, 34 Fla. 291, 16 South. Rep. 177.

The defendant moved the court to arrest the judgment for the following alleged defects in the complaint: (1) that it was not in accordance with the statute; (2) that the allegation—"which said child when born will in law be deemed and held to be a bastard"—states only a conclusion of law, and (3) failure to allege that the complainant at the time she was gotten with child was not a married woman. The court overruled the motion and the ruling is assigned as error. The first two objections may be considered together. In Andrew G. vs. Catherine A., 16 Fla. 830, the complaint did not allege the complainant to be a single woman. It only alleged that she had been delivered of a child who by law would be deemed a bastard. The court held (page 833) that this averment unsupported by the statement that she was a single woman was but the statement of a legal conclusion. In this case there is a direct allegation that complainant is a single woman, therefore it differs from the case cited, and the complaint is not for the same reason defective. That the complaint was sufficient in form, will appear upon

examination of the case of William H. T. vs. State *ex rel.* M. C., 18 Fla. 883, hereinafter next cited.

The third ground of the motion in arrest of judgment is not well taken. Where the complainant alleges that she is a single woman at the time of her delivery, or of her pregnancy, it is not necessary to state that she was single or unmarried at the time of conception. In William H. T. vs. State *ex rel.* M. C., *supra*, the stating portion of the complaint was that one "Maggie C., who, being duly sworn, says that on the 19th day of May, A. D. 1880, in the county and State aforesaid, the deponent, being a single woman, she was delivered of a girl child, which by law is deemed and held a bastard, and that William H. T. is the father of said bastard child." An objection similar to that now under consideration was made to this complaint. The court in the text of the opinion, after reciting the statute under which the proceedings were had, says: "The counsel for the defendant in his reasons for arresting the judgment first says that the affidavit of the complainant does not allege the relator to have been a single woman at the time of conception, or at any time prior to the alleged delivery of said child. The statute does not require such allegations. It requires only an allegation that she is a single woman and pregnant, or that she has been delivered of a child. It provides for a trial upon issues to be framed, and upon such trial the person accused of being the father has full opportunity to be heard by counsel and witnesses. The affidavit of the complainant upon which the process was issued distinctly alleges and charges that she being a single woman has been delivered of a child which by law is held a bastard, and that the defendant is the father. There is nothing re-

quiring a specific allegation of the woman having been single at the time of conception, or at any other time prior to the delivery of the child, to be found in the statute. The affidavit in this case is clearly sufficient to warrant the issue of the process by the justice of the peace."

This disposes of all of the assignments of error. None of them are well taken.

The judgment of the court below is affirmed.