LAURA WELCH v. ANDREW CLIBURNE.

[49 South. 184.]

BASTARDY.    *Code* 1906, §§ 268 *et seq.*    *Married woman.*

A woman canot maintain bastardy proceedings against the father
of her illegitimate child under Code 1906, §§ 268 *et seq.*, govern-
ing such actions, if she be married at the time of its birth, al-
though deserted by her husband.

FROM the circuit court of Simpson county.

HON. ROBERT L. BULLARD, Judge.

Laura Welch, the appellant, was plaintiff in the court below,
and Cliburne, the appellee, was defendant there.    From a judg-
ment in defendant's favor the plaintiff appealed to the supreme
court.

The opinion of the court states the facts.

*R. L. & E. L. Dent,* and *J. P. Edwards,* for appellant.

Code 1906, § 268, provides that "when any single woman shall be delivered of a bastard, or being pregnant with child which if born alive would be a bastard, shall make complaint against the father of the child to any justice of the peace of the county where she may be so delivered, the justice shall issue a warrant for the person accused," etc. Our contention is that, notwithstanding the fact that appellant married Welch before she was delivered of the child which by the demurrer was conceded to be the child of appellee, she can still recover of appellee, and this, notwithstanding the further fact that she was a married woman, wedded to Welch, at the time she instituted proceedings against the appellee, Cliburne.

The fact that the mother is a married woman will not preclude her from instituting suit for recovery of the support of her child born out of wedlock. 5 Cyc. 650; *State v. Ingram,* 5 Tenn. 221.

*Hilton & Hilton,* and *Chalmers Alexander,* for appellee.

It will be noted that the appellee was married to Welch when she went before the justice of the peace and set in machinery the proceedings called for in Code 1906, ch. 15, against appellless. She was also married to Welch some few months before the child in question was born. Her marriage to Welch shut her off from making complaint against Cliburne under Code 1906, ch. 15.

The bare facts are here undisputed. A married woman had a baby,. and she says that it is the son of one who is not her husband. But will her say-so make the child a bastard in law? Does not the law, for policy's sake, hold that the child, when born after the woman's marriage to her husband, is to be conclusively considered the child of the husband? See 60 L. R. A. 699; 5 Cyc. 65; *Limestone v. Kerr,* 17 Ala. 328; *Pruitt v. County Judge,* 16 Ala. 705.

The case of *State v. Ingram,* 3 Tenn. 377, cited by appellant,

is not in point, inasmuch as the woman in that case was unmarried at the time she instituted suit against Ingram, and the child was born before her subsequent marriage.

WHITFIELD, C. J., delivered the opinion of the court.

This was a proceeding under chapter 15, Code of 1906, to compel appellee to support a child, alleged to be a bastard. The appellant, after she had been gotten with child, as alleged by appellee, married another man, who, upon finding out that she was pregnant, deserted her. The child was born some months later, and appellant then filed this proceeding against the appellee; she being at the time of the filing of the complaint, a married woman. The point was made in the court below that she could not maintain the proceedings marked out in said chapter 15, because such chapter refers alone to a single woman who shall have a bastard. This point was maintained by the court below, and the proceedings dimissed.

We thing the action of the court below was correct under our statute. The language of Code 1906, § 268, is: "When any single woman shall be delivered of a bastard, or being pregnant with a child which, if born alive, would be a bastard, shall make complaint," etc. A child born in wedlock is presumed to be legitimate until the contrary is shown; and the child referred to in the second clause of the statute means a child which, when born, will be in the eye of the law a bastard—that is to say, the child of a single woman. Code 1906, § 273, provides that "the death of the bastard, if the mother be living and unmarried, shall not be cause of abatement or bar to any prosecution for bastardy." This clause and other expressions in the chapter, but especially the language of section 268, plainly show that the provisions of the chapter apply alone to single women. The case of *State v. Ingram,* 4 Hayw. (Tenn.) 221, found in 3 Tenn. (Cooper's Ed.) 377, is cited by the learned counsel for appellant; but the statement of facts in that case shows that the woman was a single woman at the time she charged Ingram with

being the father of her child; the child having been born while she was such single woman. That case is, therefore, of no authority here.

The cases generally may be found cited in 5 Cyc. at page 650, note 48. In the case of *Judge of the County Court of Limestone v. Kerr,* 17 Atl. 328, the point is expressly decided as we decide it, and upon a like statute. In that case Mary Simpson filed a complaint against James H. Kerr for the support of her bastard child. It appeared, on the trial, that Mary Simpson was a married woman, but that her husband had abandoned her several years before the birth of the child, and speaking of this the court said: "On this evidence, the court instructed the jury that, if they believed that Mary R. Simpson was a married woman, they must find for the defendant, notwithstanding they might believe him to be the father of the child. The statute under which these proceedings were had evidently contemplates that a single woman alone can prefer a complaint of bastardy against one who may be the father of the bastard. The language of the act is: 'When any single woman, who shall be pregnant or delivered of a child which by law would be considered a bastard, shall make complaint,' etc. As this statute is penal in its nature, it must be strictly construed, and a married woman cannot be permitted to prefer the complaint, although she be delivered of a bastard during coverture. This construction was placed on the act by this court in the case of *Pruitt v. Judge of the County Court,* 16 Ala. 705." This statute is like our, and we think the proper construction was put upon it by the supreme court of Alabama.

The judgment is *affirmed.*