Campbell v. State, *ex rel.* Harrison—Syllabus.

---

C. C. CAMPBELL, *Plaintiff in Error*, v. THE STATE OF FLORIDA, *ex rel.* LUCY HARRISON, *Defendant in Error*.

Where bastardy proceedings under the statute are instituted in the County Judge's court after the woman complainant has been "delivered" of the child, it is essential to the jurisdiction of the court, that it be made to duly appear that the complainant was delivered in the county of the forum.

Appealed from the Circuit Court for Walton County.

The facts in the case are stated in the opinion of the court.

*Daniel Campbell & Son,* for Plaintiff in Error;

*S. K. Gillis,* for Defendant in Error.

WHITFIELD, C. J.—This is a bastardly proceeding under Sections 2558 *et seq.* of the General Statutes of 1906. The statute provides that "when any single woman who shall be pregnant or delivered of a child, who by the law would be deemed and held a bastard, shall make complaint to the County Judge or the Justice of the Peace of the district where she may be so pregnant or delivered, and shall accuse any person of being the father of such child, such Justice shall issue a process," &c. The affidavit of complaint and the process upon which the proceeding was begun, do not state that the woman was "delivered" in the county where the proceeding was begun. As the proceeding is purely statutory and as the statute authorizes the proceeding to be begun in the county or justice district "where she may be so pregnant or delivered," a statement in the complaint and process that the woman was "delivered" in the county or district is essential to the jurisdiction of the court, where the complaint is not made until after the woman is "delivered" of the bastard child. See Ex part Hayes, 25 Fla. 279, 6 South. Rep. 64. A motion made to dismiss the proceeding for want of jurisdiction should have been granted since it did not appear that the bastard was "delivered" in Walton county where the proceeding was begun. This was not a mere technical defect in the complaint and process that may have been cured by proof that the bastard child was in fact delivered in Walton county, for it appears from the testimony of the complainant brought here in the record on writ of error that she was "delivered" of the bastard

child in Jackson County, Florida, while the proceeding was begun and prosecuted in Walton County, Florida.

The judgment is reversed.

TAYLOR, SHACKLEFORD, COCKRELL AND HOCKER, J. J., concur.