THE STATE OF FLORIDA, *Plaintiff in Error*, v. BEN ROWE, JR., *Defendant in Error*.

Division A.

Opinion filed May 3, 1930.

*D. E. Knight* and *Walter A. Dopson,* for Plaintiff in Error;

*E. M. Johns,* for Defendant in Error.

TERRELL, C. J.—A bastardy complaint was lodged against the defendant in error in the county judge's court of Baker County as authorized by Section 3957, Rev. Gen. Stats. of 1920, (Section 5876, Comp. Gen. Laws of 1927). The essential part of the complaint is as follows:

"Before me, county judge in and for said county, personally came Nomie Coleman, who, being duly sworn, says that she is a single woman and that on the

7th day of July, A. D. 1928, in Baker County, State of Florida, she was delivered of a girl child, which said child in law is deemed and held to be a bastard, and that Ben Rowe, Jr., of the County of Baker, and State of Florida, is the father of said child, contrary to the statute in such case made and provided, and against the peace and dignity of the State of Florida."

The circuit judge granted a motion to quash this complaint because it did not allege that the child of which affiant was delivered, was a "live" child. Writ of error was taken to that order.

This court has repeatedly held that proceedings in bastardy, though quasi-criminal in their inception become civil when they reach the circuit court, and being statutory, they must be conducted in substantial requirement with the statute providing for them. The whole proceeding rests on the complaint filed with the county judge, and neither the county judge nor the circuit judge to whom it is certified acquires jurisdiction until the complaint contains all the essential averments of the statute.

The complaint here alleges that the affiant was a single woman, that at a specified time and place she was delivered of a girl child, which child was in law a bastard, and that defendant in error was the father of said child. We think these allegations were sufficient to meet the requirements of the statute, and that it was not necessary to allege that the child was alive.

To support the order quashing the complaint defendant in error relies on Ex Parte Hays, 25 Fla. 279, 6 So. R. 64. In that case this Court speaking of the complaint said: "In this case the only essential averments are that the prosecutrix is a single woman, that on a certain day she was delivered of a live child, and that the petitioner is the child's father." The Court in other words merely quoted

the averments of the complaint in that case. The fact that one of them was with reference to a "live child" instead of a "child," added nothing to the force of the averment. The statute uses the term child, and that is sufficient. This holding is not therefore in conflict with Ex Parte Hays, *supra*, the complaint in which case was held bad solely on the ground that it did not allege that the "child who by law would be deemed and held a bastard," one of the essential requirements of such complaints.

It is quite true that after the trial in the circuit court if the allegations of the complaint are found to be true when it comes to the matter of imposing the judgment as authorized by Section 3959, Rev. Gen. Stats. of 1920 (Section 5878, Comp. Gen Laws of 1927), then the matter of whether or not the child was born alive or dead subsequently becomes material and may be shown on the record; but this is defensive matter and has nothing whatever to do with the sufficiency of the complaint.

The judgment below is reversed.

ELLIS AND BROWN, J. J., concur.

WHITFIELD, P. J., AND STRUM AND BUFORD, J. J., concur in the opinion and judgment.