DONALD BISHOP v. STATE, *ex rel.* NINA GARNETTE

186 So. 413.
Opinion Filed February 3, 1939.

*Wm. W. Flournoy,* for Plaintiff in Error;
*Thos A. Beasley,* for Defendant in Error;

PER CURIAM.—This writ of error is from a final judgment in bastardy proceedings entered against the defendant.

On December 14, 1935, Nina Garnette filed, before the County Judge, her affidavit, setting forth that she is single and has never been married; that on July 23, 1935, in Walton County, Florida, she was delivered of a male child, which child is still living, and in law would be deemed and held a bastard; and that Donald Bishop is the father of the child.

Endorsed on the affidavit, under the date of December 21, 1935, was the plea of the defendant that "he is not guilty of the charge of bastardy, nor is he the father of said child."

Warrant for arrest of the defendant was issued by the County Judge, reciting that Nina Garnette made oath before him that on October 25, 1934, in Walton County, defendant caused her to become pregnant by having intercourse with her, resulting in the delivery of a child to her on July 23, 1935, in Walton County, which is deemed and held a bastard in law.

The County Judge certified all the papers in the case to the Circuit Court for trial.

Trial was had in the Circuit Court. After hearing the evidence, the argument of counsel and the instructions of

the court, the jury returned its verdict finding "the defendant guilty as charged."

Motion for new trial was denied.

Final judgment was entered against the defendant, the material parts thereof, on this writ of error, being as follows:

"You, Donald Bishop, having been found by the jury to be the real father of the bastard male child delivered by the prosecutrix, Nina Garnette, on July 23rd, 1935, the Court adjudges you to be the real father of the bastard male child of the prosecutrix, Nina Garnette, and that you, Donald Bishop, do pay to prosecutrix, Nina Garnette, the sum of $45.00 which is hereby adjudged to be all necessary incidental expenses attending the birth of said child, together with the costs of these proceedings which is herein taxed in the sum of $86.80, said sums to be paid on or before April 1st, A. D. 1936, and the sum of $50.00 on or before July 1st, A. D. 1936, and the sum of $50.00 on or before July 1st, each year thereafter for the period of ten years, toward the support, maintenance and education of the child."

From this final judgment writ of error was taken.

It is contended that there is no evidence in the record as to whether or not complainant, Nina Garnette, is a single woman.

Sec. 5876 (3957) C. G. L., provides in part as follows:

"When any single woman who shall be pregnant or delivered of a child, who by law would be deemed and held a bastard, shall make complaint, to the county judge or the justice of the peace of the district where she may be so pregnant or delivered, and shall accuse any person of being the father of such child, such justice shall issue a process (etc.) * * *."

The elements of the complaint by the female charging

bastardy as provided by Sec. 5876 (3957) C. G. L., are that the complainant, a single woman, is either pregnant or is delivered of a child, in the jurisdiction where the complaint is made, which child would by law be deemed to be a bastard, and that complainant accuses a named person of being the father of the child. See *Ex Parte* Hayes, 25 Fla. 279, 6 So. 64; Thomas v. State, *ex rel.* Roberts, 37 Fla. 378, 20 So. 529; State v. Rowe, 99 Fla. 972, 128 So. 7. The complaint in the instant case contained allegations sufficient to satisfy the requirements of the statute. Sec. 5876 (3957) C. G. L.

Defendant's plea "that he is not guilty of the charge of bastardy, nor is he the father of said child," makes an issue of the allegations in the complaint relating to the bastardy charge as it affects the defendant.

Sec. 5876 (3957) C. G. L., provides that "When *any single woman* * * * shall make complaint, to the county judge or the justice of the peace * * * such justice shall issue a process * * *." (emphasis supplied). This statute further provides that the justice shall cause the defendant to be brought before him and "shall hear the parties and *any evidence* which they may produce *touching the charge*," (emphasis supplied), and if he thinks sufficient cause appears, he shall bind the persons so accused to appear before the next term of the circuit court. Under this statute no one but a single woman may file a complaint of this nature. See T. C. v. State of Florida, 21 Fla. 171; see also Judge of County Court v. Kerr, 17 Ala. 328; Sword v. Nestor, 3 Dana (Ky.) 453; Welch v. Cliburne, 94 Miss. 443, 49 So. 184, 136 A. S. R. 587, 19 Ann. Cas. 388; Gaffey v. Austin, 8 Vt. 70. Whether or not complainant is single is a jurisdictional question, which question must be determined in the affirmative by the county judge or justice of the peace before he binds the accused over

to the circuit court for trial. The person accused must be present at the hearing before the county judge or justice of the peace, and has an opportunity then to show that complainant is not a single woman.

If the county judge or justice of the peace finds the complainant to be a single woman, and finds sufficient cause appears, and binds the person accused for trial in the circuit court, the accused may still test whether complainant is single or not by a plea or other means raising the question of the single status of complainant.

Sec. 5877 (3958) C. G. L., provides that "the circuit court at its next term shall have full and complete cognizance and jurisdiction of said charge of bastardy, and shall cause an issue to be made up whether the reputed father is the real father of the child or not, which issue shall be tried by a jury." This provision of the statute indicates that all jurisdictional questions should be disposed of before the trial is had on the merits, the trial on the merits being had on the issue of whether or not the accused is the father of the child. The record fails to indicate that any attempt was made by the defendant to question whether or not complainant was single, at the time and in the manner indicated herein, and he should not now have a right to raise the question here. Though there is no direct, affirmative evidence in the record showing that complainant was single, yet there is evidence that she was 15 years old at the time of conception, that she was still going to school, that she had dates with boys, that she was living at the home of her parents, and she was referred to by the witnesses as Miss Nina Garnette, which would tend to show she was not married, but single. On the contrary, there was nothing in the record to indi-

cate that she was married. Therefore, this contention is without merit.

It is contended, in the seventh question presented, that the court erred in charging the jury as follows:

"Gentlemen of the jury, in determining whether or not any other person might have been the father of the child you would have to find from the evidence that during the period of gestation or the time required for the child to be conceived the relatrix had actually had carnal intercourse with some other man other than the defendant which individual thereby had the opportunity of being the father of the child. The mere chance, on having opportunity, to have sexual intercourse with men other than the defendant, if you find the defendant did have sexual intercourse with her is only a circumstance you are to consider as to whether or not there was actual intercourse with other men. In order to determine that somebody other than the defendant had the opportunity of being the father of the child you would have had to find that others during the period necessary to have begotten this child actually had sexual intercourse with her and if you should find from the evidence that others during that time actually had carnal intercourse with her and therefore you can't determine who was the father of the child of course you could not return a verdict of guilty against this defendant. As I have stated, the mere fact that there was times when the defendant was alone with someone else does not altogether or of itself prove actual carnal intercourse. You would have to find that others than the defendant within the time required for the child to be begotten, had carnal intercourse with her. If you should find from the evidence that the defendant had carnal intercourse with the relatrix within the period of gestation, then you would have to find that others were having carnal intercourse with her

and did have carnal intercourse with her during the time that there was an opportunity for them becoming the father of the child before you could render a verdict for the defendant. Opportunity of others being the father of the child by reason of having actual carnal intercourse with her, not that there was an opportunity of others to have carnal intercourse with her."

It is argued that this insrtuction is erroneous because it states in effect that no testimony showing opportunity, disposition, habits and probabilities, with reference to complainant's relations with others than the defendant, should be considered by the jury as proof of intercourse, unless followed by proof of actual intercourse within the period of gestation.

In passing upon a single instruction or charge, the law is well settled to the effect that the same should be considered in connection with all other instructions and charges given bearing upon the same subject. We have considered this assignment argued as error and fail to see where the rights of plaintiff in error have been prejudiced. See Atlantic Coast Line R. Co. v. Crosby, 53 Fla. 400, 43 So. 318; Atlantic Coast Line R. Co. v. Beazley, 54 Fla. 311, 45 So. 761.

It is also contended that the final judgment is excessive because not in conformity with the provisions of the statute. Section 5878 (3959) C. G. L. contemplates that the defendant, if found guilty, shall, in the discretion of the court, be made to pay all necessary incidental expenses attending the birth of the child, and in addition a sum not exceeding $50.00 annually for a period of ten years, toward the support, maintenance and education of the child. We have considered this assignment and the argument and authorities cited to sustain it. When we consider the entire record, the tender age of the girl, and the law applicable

thereto, we are inclined to the view that if error exists the same is harmless and this Court is not justified in reversing the judgment appealed from. It seems that this contention falls squarely within the provisions of Section 4499 C. G. L., viz.:

"No judgment shall be set aside or reversed, or new trial granted by any court of the State of Florida in any cause, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or for error as to any matter of pleading or procedure, unless in the opinion of the court to which application is made, after an examination of the entire case it shall appear that the error complained of has resulted in a miscarriage of justice. This section shall be liberally construed."

We are of the opinion that substantial justice was awarded in the court below and for this reason the judgment appealed from is hereby affirmed. It is so ordered.

TERRELL, C. J., and BROWN, BUFORD, and CHAPMAN, J. J., concur.

THOMAS, J., not participating, as this case was submitted before he became a member of the Court.