78 So.2d 371 (1955)
Leonard Alton WALL, Appellant,
v.
Peggie JOHNSON, Appellee.
Supreme Court of Florida. Division A.
January 25, 1955.
*372 Jack Kehoe, Miami, for appellant.
Ginsberg & Pelle, Miami, for appellee.
ROBERTS, Justice.
The appellee, a resident of New York, filed suit against the appellant, a Florida resident, under Section 742.011, Florida Statutes, F.S.A., to obtain a decree declaring that appellant is the father of her child, born out of wedlock in July, 1943, in the State of New York, and also for support for the child. The appellant's answer denied that he was the father of the child, and also alleged as a defense that the appellee's cause of action was barred by lapse of time both in the State of New York and in this state. Testimony was heard by the Chancellor, and a decree was entered declaring appellant to be the father of the child and awarding appellee $50 per month as support for the child.
Several questions have been presented and argued here by the parties. We think, however, that the answer to one question is decisive of the entire matter, and that is: What is the period of retroactivity of the 1951 Bastardy Act, Chapter 26949, Laws of 1951, now appearing as Section 742.011, Fla. Stat., F.S.A. ("New Act" hereafter)? That the New Act was intended to be retrospective in its operation was settled by this court in Rooney v. Teske, Fla. 1952, 61 So.2d 376, followed in Wagner v. Baron, Fla. 1953, 64 So.2d 267. But in neither of these cases did we decide what were the limits, if any, of such retroactivity.
In considering this problem, it is necessary to note that under the old Bastardy Act, Act of Jan. 5, 1828, "Old Act" hereafter, causes of action for bastardy were created only in favor of mothers who were "pregnant or delivered" of an illegitimate child in this state, but that no such limitation was included in the New Act. And in Rooney v. Teske, supra, 61 So.2d 376, we said that "it makes no difference whether the accouchement took place in Florida or Massachusetts * *" in a bastardy proceeding prosecuted under the New Act. It can be seen, then, that the New Act not only provided an enlarged and different remedy for causes of action for bastardy heretofore existing in this state under the Old Act in favor of resident mothers; it also created a new cause of action in favor of mothers who were not residents of this state. Thus, the New Act must be construed, as to its retroactivity, in the light of its "double-barreled" effect, as it goes without saying that no greater period of retroactivity should be allowed to causes of action created by the New Act than to those which existed prior to its *373 enactment  particularly in view of the fact that it might be argued that, as to the latter class, the New Act was not subject to the presumption against retrospective operation since it did not create a new cause of action but merely provided an enlarged remedy for an existing cause of action. See 50 Am.Jur., Statutes, Sec. 482, p. 505.
What, then, would be the situation if the plaintiff's cause of action for bastardy had arisen in this state under our Old Act? As a corollary to this question, it is necessary to determine whether causes of action arising under the Old Act were subject to the bar of the three-year statute of limitations applicable to actions "upon a liability created by statute," Subsection (5) (a) of Section 95.11, Fla. Stat., F.S.A. The Old Act did not specifically limit the time within which an action thereunder should be brought, nor does the New Act; and the authorities are not in accord as to whether, in the absence of such a specific provision, a bastardy proceeding is subject to the bar of a general statute of limitations. See the annotation in 155 A.L.R. beginning at page 27 for the views of the various courts on this question. This court has not decided this question. We have no difficulty in holding, however, that a bastardy proceeding under the Old Act was subject to the three-year limitation period prescribed by Subsection 5(a) of Section 95.11, supra. As a liability "created by statute", it was within the express terms of the limitations Act; and even though bastardy statutes are said to have for their purpose the enforcement of the putative father's duty to support his child, Flores v. State, 72 Fla. 302, 73 So. 234, L.R.A. 1917B, 1143, the gist of the cause of action  the main issue of the trial  is whether or not the "accused is the father of the child." Bishop v. State ex rel. Garnette, 136 Fla. 268, 186 So. 413, 415. The nature of such a charge, and the difficulties inherent in a defense thereto, are such that a prompt determination of the question of paternity is highly desirable. The purpose of statutes of repose has been often stated, and needs no repeating now; and, in our opinion, there is no reason for interpreting our statute of limitations as inapplicable to such a proceeding, and there is every reason for holding that it is so applicable. What we have said as to bastardy proceedings under the Old Act is equally applicable to proceedings under the New Act, under the rule that "a court of equity will apply the statute of limitations in an equity suit with the same substantial effect and same construction as it would receive in a court of law." H.K.L. Realty Corp. v. Kirtley, Fla. 1954, 74 So.2d 876, 878.
Here, the plaintiff's cause of action, if it had accrued under the Old Act, would have been barred at least as early as 1948 (the defendant having been overseas until 1945), which was three years before the New Act was passed. And while, as noted, we held in Rooney v. Teske, supra, that the New Act should be given a retrospective operation, we do not think its retroactive effect should be extended to revive causes of action which were barred under the Old Act  and, by analogy, to confer retrospectively a right of action for bastardy, regardless of the time when the operative facts which give rise to such right of action occurred. In the Rooney case, it appears that the plaintiff's cause of action accrued within two years of the time of filing suit; in Wagner v. Baron, supra, the suit was not timely filed, but the bar of the statute was not pleaded. These decisions are not, then, authority for the plaintiff's contention that the New Act should be given an unlimited retroactive effect.
For the reasons stated, we hold that the plaintiff's cause of action was barred by the three-year statute of limitations, and that the lower court erred in not sustaining this defense.
Accordingly, the decree appealed from should be and it is hereby
Reversed.
MATHEWS, C.J., and TERRELL and SEBRING, JJ., concur.