MANN, Judge.
Some will see this as the predictable collision between the new morality and the old biology, but we who read the old opinions preparatory to writing the new ones know that sweet-and-sour sex is not new in life and law. It is difficult to imagine a volume of reports without some suggestion of the numberless ways in which a pleasant moment can be transformed into a poignant memory. This is the latest episode. Reverting to an early practice of the Supreme Court of Florida,[1] we have shortened the names in the published opinion to protect the not-so-innocent parties and the innocent child of at least one of them.
According to her deposition, Miss B dated M during her high school years and had sexual relations with him until February, 1965. Thereafter she began dating F, a married man, exclusively and was intimate with him. Nature having failed, in May, 1965, to exact her monthly installment of a woman’s suffering, her intuition told Miss B that she was pregnant, whereupon she told M of her predicament. He, being too young to contract marriage without parental consent, gallantly consented to give the child a name and joined her in borrowing identification papers from S and going to a small Georgia town, where urinalysis confirmed Miss B’s intuition. Miss B and M, posing as S, “married” on June 13, 1965. She says that the “marriage” was not consummated, although they were alone at times during the summer of 1965. Eight months and seven days after the ceremony, a child was born to “Mrs. S.” Prior to that time.M sued Miss B and obtained a decree annulling the purported marriage.
After the birth of the child, Miss B brought a bastardy proceeding against F.
F sought and was granted summary judgment on the ground that Miss B was not an “unmarried woman” as required by the statute. F further contends that the child is conclusively presumed to be that of M. He is wrong on both counts.
The annulment decree rendered Miss B an “unmarried woman”, so she has standing to sue. See annotation 98 A.L.R.2d 256, 262-264.
Regarding the presumption, we say merely that it is rebuttable, as is pointed out in Pursley v. Hisch, 119 Ind.App. 232, 85 N.E.2d 270, at 272 (1949): “The modern trend is away from the rule of conclusiveness, which has sometimes achieved nonsensical results, and toward a sane and reasonable ascertainment of the facts,” citing Cardozo’s historically instructive opinion in In re Findlay, 253 N.Y. 1, 170 N.E. 471 (1930). F reads too much into Judge Charles Carroll’s opinion in Yarmark v. Strickland, 193 So.2d 212 (Fla.App.1966). That case hinges entirely on the sufficiency of evidence, and quotations from criminal cases contained in the opinion should be viewed in the light of the higher standard of proof there required.
Medical science has advanced since Lord Mansfield’s time, and while we would not want an innocent man to bear the burden of supporting a child not his own, we see no reason why the woman alone or, as frequently happens, the taxpaying public at large should bear the long continuing cost of an evening’s pleasure. It is best now to make plain that however strong a presumption of legitimacy may be it is nevertheless rebuttable by competent evidence, which may prove that either F, the defendant, or M, the obliging former boy friend, is not the father of this child.
F also reads too much into Jones v. Jones, 119 Fla. 824, 161 So. 836, 104 A.L.R. 1 (1935), in which the admitted child of the plaintiff in a suit to annul a bigamous *601 marriage was held not to be bastardized. In fact, the complaint for annulment suggested in Florida Family Law 18.12 (one of the excellent series prepared by The Florida Bar through its Continuing Legal Education program) contains an allegation relative to children born during the purported marriage.
The law generally is set out in annotations at 57 A.L.R.2d 729 and 53 A.L.R.2d 572. Mr. Justice Brennan’s sound dissenting opinion in Kowalski v. Wojtowski, 19 N.J. 247, 116 A.2d 6, 53 A.L.R.2d 556, contains a useful historical summary of the law regarding the presumption.
Summary judgment should not have been granted in this case.
Reversed and remanded for further proceedings not inconsistent with this opinion.
PIERCE, Acting C. J., and ALLEN, J., (ret.), concur.

. See John D. C. v. State ex rel. Julia V. H., 16 Fla. 554 (1878); Andrew G. v. Catherine A., 16 Fla. 830 (1878); E. D. P. v. State ex rel. G. O., 18 Fla. 175 (1881); William H. T. v. State ex rel. M. C., 18 Fla. 883 (1882); C. T. v. State, 21 Fla. 171, 172 (1885).