THE STATE on the relation of WILSON *v.* WILLIAMS.

It was the intention of the legislature in enacting section 22 of the bastardy act of 1852, that the right of action should survive generally.

The incoherent and obscure phraseology of the latter clause of that section, cannot control, and substantially defeat, the clear and explicit language of the former clause.

It is only when the subsequent clause of a statute combines equal clearness with the advantage of position, that it will control the former.

APPEAL from the *Johnson* Circuit Court.

STUART, J.—Prosecution for bastardy by *Elizabeth Wilson*, against *Jonathan Williams*, administrator of *James Williams*, deceased, the alleged father of the child. Motion to dismiss the complaint sustained by the Court: exception and appeal.

The only question in the case is upon the construction of the following statute, viz.:

"In case of the death of the putative father of such child, either before or after the commencement of prosecution, and after the preliminary examination before the justice, the right of action shall survive, and may be prosecuted against the personal representatives of the deceased with like effect as if such father were living, except that no arrest of such personal representatives shall take place, or bond be required." 2. R. S. 490, s. 22.

The provision for the survivor of the right of action

is not as lucidly expressed as it might be. But we think the intention of the legislature was that the right of action should survive generally. It may be read to that effect in various ways. "And" sometimes means "or" and *vice versa*. *Rees* v. *Abbott*, Cowp. 832. Or, supplying the ellipsis, it might read, "and either before or after the preliminary examination," &c. Thus is every clause made effective, and the whole section stands, with no great violence to the language.

At all events, the Court could not think of letting the subsequent, incoherent, and obscure phraseology of the latter clause, control and substantially defeat the clear and explicit language of the former clause. If either has to be rejected, let it be that which is less clearly expressed.

This will be in accordance with a former ruling of the Court on a similar point. Thus, it is said that the ambiguous phrase with which the section concludes can have no weight against the explicit language of the precedent matter. If that phrase cannot be reconciled it must fall." *Dickerson* v. *Nelson*, 4 Ind. R. 280.

It is only when the subsequent clause of a statute has the combined advantage of equal clearness as well as position that it will control the former. It would be a poor rule to reject what is clear, in order to give effect to what is obscure. The action is well brought under the statute.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

J. W. *Gordon* and W. R. *Harrison*, for the State.

D. *M'Donald*, for the appellee.