Battle,
 
 J.
 

 The proceedings against the putative father of a bastard child, for the purpose of tain such child, are founded altogether upon our statute law, and must, in every respect, be regulated by it. This law is now contained in the first seven sections of the 12th chapter of the Revised Code. The proceedings which it authorises, are not in the nature of a criminal prosecution, but are police regulations, having for their object indemnity for the county against the burden of maintaining the bastard child. They do not lose their character of being civil" proceedings, even when an issue, is made up, under the 4th section of the act to try the question of the paternity of the child. See
 
 Ward
 
 v. Bell, decided at the present term, (ante 19,) where all the prior cases on the subject are referred to. Being then, civil, in con
 
 *101
 
 tradistinction to criminal proceedings, it is contended that they may be commenced and prosecuted against the personal representative of the reputed father, after his death; and it is said that the first chapter of the Revised Code, authorises it in the following words of the first section: “No action, suit, bill in equity, or information in the nature of a bill in equity, or other proceedings of whatever nature, brought to recover or obtaiii money, property or damages, or to have relief of any kind whatever, whether the same be at law, or in equity, except suits for penalties, and for damages merely vindictive, shall abate by reason of the death of either party, &c.” It is manifest that proceedings in bastardy cannot, properly, be called an action, suit or other proceeding to recover or obtain money, property, or damages, but are, as we have said before, only police regulations, adopted for the purpose of relieving the public from the support of bastard children, by imposing it upon the putative fathers of such children. Yiewed in that light, they cannot come within the rule laid down in
 
 Butner
 
 v.
 
 Keehln,
 
 6 Jones’ Rep. 60, where it is held that wherever an action could have been
 
 revived
 
 against an executor or administrator, it may be
 
 originally commenced
 
 against him. If, then, the proceedings in bastardy, against the personal representatives of the reputed father, cannot be sustained under the first chapter of the Revised Code, it is very certain they can derive no aid from the 12th chapter of that Code. There, every provision is predicated upon the supposition that the reputed father, himself, is alone the person against whom the proceedings are tó be had.
 
 lie
 
 is to be taken, and
 
 he
 
 is to enter into recognizance for his appearance upon pain, in case of failure, of being committed to prison. It is upon
 
 him
 
 that the order of filiation is to be made, and
 
 he
 
 is required to give a bond for the indemnity of the county. No execution can be issued against
 
 his
 
 property, until he has failed to pay the necessary maintenance, ordered by the Court, for the child, and notice has been served upon him ten days before the County Court, from which such final process is to issue. In all this, not a word is said about the executor or
 
 *102
 
 administrator of the reputed father; and the mode of proceeding prescribed by the act, seems to be entirely inapplicable t© any person but the reputed father himself. Hence, we conclude that no proceedings can be properly constituted in the County Court, unless the
 
 -reputed father himself
 
 has entered into a recognizance for his appearance there, or has been taken upon a
 
 capias
 
 or attachment. The order made in the Superior Court, must, therefore, be reversed and the proceedings dismissed.
 

 Pur Cdrtam,
 

 Judgment reversed.