AMANDA McKENZIE *vs*. WILLIAM LOMBARD.

Aroostook.    Opinion December 26, 1892.

*Bastardy.    Abatement.    Death.    R. S., c. 79, § 11; c. 97.*

Proceedings in bastardy abate by the death of the respondent during the pendency of such proceeding in court before trial.

ON EXCEPTIONS.

Before the trial of the case in the Superior Court, for Aroostook county, the respondent having died, a motion to dismiss was sustained by the court on the ground that the action did not survive.    The complainant took exceptions to the ruling.

*Frank L. White* and *Ira G. Hersey*, for complainant.
*George H. Smith*, for respondent.

PETERS, C. J.    The question here is whether a bastardy proceeding survives against the personal representatives of a respondent who has died during the pendency of the proceeding in court before a trial has been had.    We feel strongly assured that it cannot survive.    The proposition finds no favor in the common law, and there is no statutory provision authorizing it.    The legislature (R. S., c. 79, § 11) in 1879 passed an act allowing a proceeding of the kind to be prosecuted to final judgment by the executors or administrators of a complainant who has deceased before trial of the prosecution.    Beyond this exceptional limit no statute or decision that we are aware of has ever gone.    No judgment is sought for or is obtainable against property.    The process, though held to be a civil proceeding, is criminal in form, and is an extraordinary means to compel a father to assist in the support of his illegitimate child or suffer imprisonment as a penalty for his neglect to do so.    There is no fitness in the proceeding that would adapt itself to the principle of survivorship.

If the pending action survives then the cause of action would survive as well, and the process could be originally instituted against the administrator of a deceased person who in his lifetime had been guilty under the bastardy statute.    The incon-

gruities that would beset such a proceeding are obvious enough. It would be a strange sight to see an administrator arrested, required to give a bond, be put on trial, and perhaps imprisoned, for an act of bastardy committed by the party officially represented by him. Besides, it would be an extremely severe and very questionable policy that would allow a living woman to swear the paternity of her illegitimate offspring upon a dead man.

*Exceptions overruled.*

VIRGIN, LIBBEY, EMERY, FOSTER and WHITEHOUSE, JJ., concurred.