(No. 5147.  Decided May 8, 1905.)

BESSIE FICKETT, *Respondent,* v. FOSTER FICKETT, *Appellant.*[1]

DIVORCE—CUSTODY OF CHILDREN—REVIEW—EVIDENCE—SUFFICIENCY. In an action for a divorce and the custody of children 10 and 11 years of age, where the court grants the husband a divorce upon his cross-complaint, but awards to the wife the custody of the children, together with $30 per month for their support, the findings will not be reversed on appeal where the court appears to have decided with the weight of the evidence and for the best interests of the children.

Appeal from a judgment of the superior court for King county, Bell, J., entered March 29, 1904, after a trial on

1 Reported in 80 Pac. 1134.

the merits before the court without a jury, decreeing a divorce and awarding the custody of the children. Affirmed.

*Charles R. Crouch,* for appellant.

*Weter & Roberts,* for respondent.

PER CURIAM.—The respondent sued for divorce, and for the care and custody of the minor children of herself and husband, said children being a girl of the age of eleven years and a boy of the age of ten years. The appellant appeared in the action, put in issue the allegations on which the respondent relied, and filed a cross-complaint in which he asked that a divorce be granted him, and that he be awarded the care and custody of the children. The court heard the evidence of the parties and rendered a decree in which it awarded the appellant a divorce on his cross-complaint, but awarded the children to the respondent, and directed that the appellant pay to her $30 per month for their support. This appeal is from that part of the decree awarding the respondent the custody of the children and directing that the appellant pay $30 per month towards their support.

The questions presented by the appeal are wholly questions of fact, and these have been ably and exhaustively presented, both orally and by briefs. But, as we have often said, it serves no useful purpose for this court to discuss evidence for the mere purpose of determining on which side its weight preponderates. Such arguments are rarely, if ever, convincing to the losing party, or his counsel, and are of no interest to the general profession, because never useful as precedents. It is sufficient, therefore, in this case, to say that we have examined the record with care, and feel that the court decided with the weight of the evidence, and for the best interests of all the parties concerned. If it should hereafter prove that a change in the custody of the children is desirable, or that the order requiring the appellant to pay money for the children's support should be-

come oppressive, changes therein can be made to meet the changed conditions, by applying to the court that granted the decree, or the court that attempts to enforce the orders.

The judgment is affirmed.