PEOPLE *v.* KEMPPAINEN.

1. ABATEMENT AND REVIVAL — CRIMINAL LAW — BASTARDY PRO-
   CEEDINGS.
   Neither under the common law nor by the provisions of chap-
   ter 153, 2 Comp. Laws, does a proceeding for the mainte-
   nance of an illegitimate child survive after the death of the
   respondent.

2. SAME—DEATH.
   At common law the cause of action survived if the injury done
   affected property rights; if the wrong affected the person
   alone the action abated.

Certiorari to Houghton; Streeter, J. Submitted June
27, 1910. (Docket No. 147.) Decided November 11,
1910.

Bastardy proceedings against Peter Kemppainen. A
judgment for plaintiff is reviewed by defendant on writ
of certiorari. Judgment and proceedings abated.

*John Kiiskila* and *P. H. O'Brien*, for appellant.

*William J. MacDonald*, Prosecuting Attorney, for
the people.

McALVAY, J. Defendant was adjudged to be the
father of an illegitimate child, before the circuit court for
the county of Houghton, and to stand charged with its
maintenance until it arrived at the age of 14 years. The
order and judgment provided for the payment of money,
the furnishing of a bond, and other details usual in such
cases, and, in default of compliance therewith, he to be
committed to jail until such bond was given. A motion
for a new trial was denied, and the case was removed by
defendant to this court for review upon writ of certiorari.
Sixty days after the return to the writ was made to this

court there was filed a notice to the prosecuting attorney of the suggestion of the death of the defendant upon the record of the court in this cause, which notice further states:

" And it is hereby ordered that Andrew Bram be and is hereby substituted as defendant in said cause, instead of Peter Kemppainen, deceased."

The intention, without doubt, was to suggest of record the death of defendant, with permission to Bram to defend as his legal representative, and it will be so treated by this court.

The question of the effect of the defendant's death upon this action is not discussed in the briefs. To a suggestion to the attorney general that a brief upon the question would be received, a reply has been returned that he had no desire to be heard. The question presented is whether the right of action under chapter 153, 2 Comp. Laws, survived. In the investigation of the authorities in the United States, we find two cases where practically the exact question was involved under proceedings provided by statutes similar to chapter 153, 2 Comp. Laws; both holding that bastardy proceedings abate upon the death of the defendant. *McKenzie* v. *Lombard*, 85 Me. 224 (27 Atl. 110); *Clements* v. *Durham's Adm'rs*, 52 N. C. 100. In the Maine case, the death occurred during the pendency of the proceedings, but before trial. That court said:

"No judgment is sought for or is obtainable against property. The process, though held to be a civil proceeding, is criminal in form, and is an extraordinary means to compel a father to assist in the support of his illegitimate child, or suffer imprisonment as a penalty for his neglect to do so. There is no fitness in the proceeding that would adapt itself to the principle of survivorship. If the pending action survives, then the cause of action would survive as well, and the process could be originally instituted against the administrator of the deceased. * * * The incongruities that would beset such a proceeding are obvious enough. It would be a strange sight to see an administrator arrested, required to give a bond, be put on

trial, and perhaps imprisoned for an act of bastardy committed by the party officially represented by him."

The reasoning of the North Carolina case is along the same lines. In that case the proceedings were instituted against the representatives of the deceased putative father, being in fact the suppositious case used by the court in *McKenzie* v. *Lombard*, above quoted, but a better illustration, as there were two representatives, who were proceeded against.

Such a right of action would not survive at the common law.

"The true test was whether the injury on which the cause of action was based affected property rights, or affected the person alone. In the former case the cause of action survived, while in the latter it abated." 21 Enc. Pl. & Prac. p. 313, and cases there cited.

There is no statute in Michigan which provides for such survival. In our investigation, we have found in one State ( Indiana ) by statute such right of action survives, "with like effect as if such father were living, except that no arrest of such personal representative shall take place, or bond be required." See *State* v. *Williams*, 8 Ind. 191. In the absence of a statute, we find no authority holding that the right of action in this case would survive. Upon the death of defendant it abated, and these proceedings, and the order and judgment brought here for review by reason thereof, became of no force and effect.

A judgment will be entered accordingly.

OSTRANDER, MOORE, BROOKE, and BLAIR, JJ., concurred.