[No. 11353. Department One. January 29, 1914.]

LIZZIE CROFT, *Respondent*, v. L. FLOYD CROFT, *Appellant*.[1]

DIVORCE—ALIMONY—ENFORCEMENT—CONTEMPT—EVIDENCE—ADMISSIBILITY. In contempt proceedings to enforce the payment of alimony, it is not error to exclude evidence as to property conveyed to the wife prior to the entry of the decree of divorce, since that was presumably considered at that time.

APPEAL—RECORD—FINDINGS—WAIVER. In contempt proceedings to enforce alimony, the failure to make findings cannot be assigned as error, in the absence of request therefor or any objection or exceptions to the failure to make them.

DIVORCE—ALIMONY — CONTEMPT — ACCRUING PAYMENTS. In contempt proceedings to enforce alimony, objection cannot be made to the judgment in that it punishes for violation of distinct orders and the failure to pay money not due when the order of arrest was made, where the accumulations all relate to one modified order in aid of which the arrest was made, and defendant had full notice of the due and accruing payments, and answered to the merits without objection; the jurisdiction of the court being a continuing one.

SAME—ALIMONY—CONTEMPT—EVIDENCE—SUFFICIENCY—BURDEN OF PROOF. A conviction for contempt in failing to pay $986 support money, the amount of accumulated payments at $20 per month, awarded in a decree of divorce, is sustained where it appears that the defendant had never made any payments, that he was an ablebodied man, earning $3.50 a day at the time of the hearing, had remarried, and had received $500 from his father at one time during the period, and his credit was such that he had been able to run in debt over $1,000; the burden of proof being upon him to show his inability to pay.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 25, 1913, upon a conviction of contempt, after a hearing on the merits before the court. Affirmed.

[1]Reported in 138 Pac. 6.

*Gates & Emery*, for appellant.

*Tucker & Hyland*, for respondent.

ELLIS, J.—This is an appeal from an order of the superior court declaring the defendant in contempt, and imposing an imprisonment in the county jail for thirty days, unless he sooner pay the sum of $986. The parties to this action were formerly husband and wife, and were divorced by decree of the superior court on June 17, 1908, which decree awarded to the plaintiff, the wife, the custody of the two minor children, then aged respectively seven and eight years. On September 2, 1908, the decree was modified on petition of the plaintiff so as to require the defendant to pay to her, for the support of these children, $20 each month. On October 4, 1909, $146 being due from the defendant under the decree so modified, the court on proceedings had upon the plaintiff's motion, ordered the defendant to pay this sum and $20 every thirty days thereafter, and in default of such payments, that he be proceeded against as for contempt. In the latter part of September 1908, the defendant left Seattle, remaining away, except at rare intervals, until his arrest. On January 26, 1910, the defendant having failed to make any further payments, an order of arrest was issued by the court. On April 23, 1913, he was arrested under this order, and was, at the same time, served with a summons and a petition, setting up the fact that neither the $146, nor any of the subsequent installments of the support money had been paid, and praying that the defendant be punished as for contempt. On being arrested, the defendant answered this petition, and the court ordered that this answer stand as his answer to the order of arrest. Upon the hearing, the court announced that he would consider that the defendant had testified to all of the facts set forth in his answer. The defendant was cross-examined thereon, the plaintiff's testimony was taken, and thereupon the court made the order from which this appeal is taken.

It is first contended that the court erred in refusing to consider the allegations of the answer to the effect that the appellant, prior to the divorce decree, had conveyed to his wife their home in Seattle, of the value of more than $5,000. We think the court did not abuse its discretion in refusing to consider matters antedating the decree and antedating the order of September 2, 1908, modifying the decree, since all such matters were presumably considered by the court at the time of the entry of the original decree and of the order modifying the decree and directing the appellant to pay $20 a month for the support of his children.

It is next claimed that the court erred in that he failed to make any findings of fact or to recite in the order that the appellant has, or has had, during the term of the delinquency, financial ability to pay the sum required of him. Authorities from other jurisdictions, all of them relating to punishment for failure to pay alimony, are cited to the effect that formal findings of ability and contumacious refusal to pay are a prerequisite to punishment for contempt. It may be conceded that, where findings are requested, the failure of the court to make them would constitute reversible error, but in this case, the appellant is in no position to raise the point, since, at the time of his hearing and commitment, he neither requested any findings, nor made any objection or took exception to the failure of the court to make findings. *Dyer v. Dyer*, 65 Wash. 535, 118 Pac. 634.

It is also urged that the appellant is now being punished for a violation of several distinct orders and for a failure to pay arrears of support money not due when the order of arrest of January 26, 1910, was made. In all matters relating to the custody and support of minor children contained in any decree of divorce, the jurisdiction of the trial court is a continuing one, so long as there are minor children to be provided for. *Poland v. Poland*, 63 Wash. 597, 116 Pac. 2; *Fickett v. Fickett*, 39 Wash. 38, 80 Pac. 1134; *Dyer v. Dyer, supra.* The accumulation of arrears all relate back to

the original order of September 2, 1908, modifying the decree so as to require the appellant to pay $20 a month for the support of his children. The order of arrest was made in aid of this decree so modified. The fact that the arrest was not made immediately after the order for arrest, nor until further arrears had accumulated, in no way affected the binding force of the modified decree or the continued jurisdiction of the court to enforce it. Moreover, a complaint was then filed and served upon the appellant, setting up the continued failure to pay and the accrual of further payments. The appellant thus had full notice of the scope of the proceedings, and waived any right to object by his answer to that petition upon the merits.

Finally, it is contended that the order adjudging the appellant in contempt was not sustained by sufficient evidence. After all of the many excuses set up in his answer, such as failure in business, inability to find work, and illness, which the court announced he would consider as having been testified to by the appellant, the appellant, on cross-examination, admitted that he had never contributed a cent to the support of his children since he left Seattle in 1908, and went to Methow and afterwards to British Columbia. Since that time, he has been in Seattle at different times, but only for short and uncertain intervals. Knowing not only the natural, but the legal obligation which he was under to support his minor children, he incurred the additional burden of another wife. No children have been born of this second marriage. He testified that, during the time since he left Seattle in September, 1908, he has been sick only once, when, as he expressed it, "I was out of commission for just one week." At the time of the hearing he was employed at $3.50 a day. He admitted that his father, during this period, had given him more than $500. He also admitted that he is a strong, healthy, able-bodied man. The only excuse which he advanced for not paying a cent toward the support of his minor children during all of this period, was that he was un-

able to do so.   His answer shows that his credit was such that he has been able to run in debt over $1,000.   As said in *State ex rel. Ditmar v. Ditmar,* 19 Wash. 324, 53 Pac. 350:

"The evidence shows that the appellant here had borrowed some $1,200 since this decree had been entered, and, if he was able to borrow money to pay his own debts or to invest in property, he was evidently able to obtain money to meet the demands of the decree."

As shown by the uncontradicted testimony of the wife, she has been supporting these children throughout this period by keeping boarders and working in a laundry.   Outside of a few insignificant items of clothing given to the children by the appellant's parents, she has been supporting the children unaided.   With the full record before us, and especially in view of the admissions of the appellant on his cross-examination, we entertain considerable sympathy with the sentiment of the trial court who, in announcing his ruling, said:

"It is impossible for me to believe that any strong, healthy man, such as this defendant, with a heart in his body, could contemplate the condition of his children for that lengthy period, without doing something to keep them in some degree of comfort.   It is impossible for me to believe that he has not had the opportunity to send them as much as five dollars, or ten dollars, or something during that time.   If there was ever a case of contempt of an order of court, this is one.   Let the defendant be confined in the county jail for thirty days, unless he should make this payment within that time."

The appellant, if we have caught the gist of his argument, claims that, under the evidence, there was no reasonable ground for the presumption that he is able to pay, and that, before he can be punished as for contempt, the burden was on the other side to show such ability.   This is not the correct rule.   As said in *State ex rel. Smith v. Smith,* 17 Wash. 430, 50 Pac. 52:

"It is the duty of courts to enforce their orders, and when it comes to their knowledge that such orders are not obeyed

they should require and enforce such obedience by punishment for contempt. The rule is that the burden of showing inability to comply with an order of this nature is upon the respondent. This is so well settled that we deem it unnecessary to make any citations from the numerous lines of authorities upon the subject."

The appellant has failed to meet this burden. Affirmed.

CROW, C. J., MAIN, CHADWICK, and GOSE, JJ., concur.