[Civ. No. 2864.   Third Appellate District.—January 22, 1925.]

## JACK MYERS, Appellant, v. TENNENT HARRINGTON, Administrator, etc., et al., Respondents.

[1] PARENT AND CHILD — ILLEGITIMATE CHILD — DUTY TO SUPPORT. — Prior to the adoption, in 1913, of section 196a of the Civil Code, there was no legal obligation resting upon the father of an illegitimate child to furnish it support or give it an education; but since the adoption of said section this has been the mutual obligation of both the father and the mother.

[2] ID.—ENFORCEMENT OF OBLIGATION—PLEADING.—In enforcing against the father of an illegitimate child the obligation imposed by section 196a of the Civil Code, it is necessary to establish the fact of parentage, but that section does not presuppose that a judgment decreeing the fact of parentage must first be had before any suit may be maintained for maintenance or support, as all the facts and circumstances necessary to support a judgment or decree for maintenance and support may be inquired into and determined in one proceeding; and the enforcement thereafter of the judgment depends entirely upon the rights and interests which the illegitimate minor has acquired in and to the property of his putative father and the lien or charges upon and against the property of the putative father that may have been adjudged and decreed.

[3] ID. — CONTINUING DECREE — ABATEMENT UPON DEATH. — When a decree has been entered providing for maintenance during minority, it is a continuing one and does not abate simply by the death of the parent against whose estate such maintenance is made a charge.

[4] ID.—PENDENCY OF DIVORCE PROCEEDING—ABATEMENT OF RIGHTS.— While the terms of section 140 of the Civil Code include the idea of making provision for a continuing period by the requirement of the giving of security, or the appointment of a receiver, or by other remedy applicable, these remedies are attendant upon the prosecution of an action for divorce and the entry of final judgment therein; and where by the death of either party the divorce proceeding abates prior to the entry of judgment, other provisions of the code must be relied upon whenever maintenance is sought for minor children.

1.   See 13 Cal. Jur. 936.

[5] ID.—DEATH OF PARENT—SUPPORT OF CHILD—RIGHTS OF SUPER-VISORS.—Section 205 of the Civil Code, giving the supervisors of the county a right to claim provision for the support of a minor child from a deceased parent's estate, can only be invoked when the minor has become, or is about to become, a public charge, and has been left unprovided for by a deceased parent charge-able with its support; and, in this particular, the code does not make any distinction between a legitimate and an illegitimate minor child.

[6] ID.—CHARGE AGAINST ESTATE—POWERS OF LEGISLATURE.—Succes-sion, or the transmission of property, is a matter of legislative grant, and not merely a natural right, and any property so taken may be charged by the legislature with any burden that the wisdom of the legislature may impose.

[7] ID.—RIGHT TO SUE ADMINISTRATOR—STATUTORY CONSTRUCTION.—The granting of a right to sue an administrator or executor is a privilege extended by the legislature and, when the legislature sets forth what actions may be prosecuted, it necessarily excludes all those not mentioned.

[8] ID.—SUPPORT OF MINOR CHILD—CHARGE AGAINST ESTATE OF DE-CEASED PARENT—STATUTORY CONSTRUCTION.—Even though the cor-rect construction of section 205 of the Civil Code and section 1582 of the Code of Civil Procedure gives to the counties, acting through boards of supervisors, the right to subject a parent's estate to the support and maintenance of a minor child when he is about to become a public charge, or has become a public charge, it does not permit the reading into section 196a of the Civil Code of a similar grant of authority, when the language of that section contains no provision affecting the estate of a deceased person similar to those found in section 205 of the Civil Code.

[9] ID.—SUPPORT OF ILLEGITIMATE CHILD—LEGAL PROCEEDING—EQUITY. While it is true that, after all the legal facts have been estab-lished and found, the court, in the enforcement of the judg-ment reached, after the entry of such judgment, exercises certain equitable powers, a proceeding relating to illegitimate children and the requiring of support thereof by the putative father pre-sents a pure legal question.

[10] ID. — DEATH OF PUTATIVE FATHER — ABATEMENT OF PROCEEDINGS FOR SUPPORT.—Such proceeding under our Civil Code is a modified form of bastardy proceedings which were punitive in character and subsisted prior to the creation of civil remedies, and under the common law all such proceedings abate upon the death of the putative father; and such common-law rule as to the abate-

10. On abatement of bastardy proceedings by death, note, 30 L. R. A. (N. S.) 1166.

ment of such proceedings, upon the death of the putative father, has not been changed by the legislature of this state.

---

(1) 7 C. J., p. 955, n. 95, p. 956, n. 8. (2) 7 C. J., p. 955, n. 99, p. 987, n. 53, p. 997, n. 90 New. (3) 1 C. J., p. 169, n. 65; 7 C. J., p. 1001, n. 63 New; 19 C. J., p. 360, n. 8. (4) 19 C. J., p. 341, n. 86 New. (5) 24 C. J., p. 238, n. 86 New. (6) 18 C. J., p. 804, n. 53, 56, p. 806, n. 83. (7) 24 C. J., p. 731, n. 75. (8) 7 C. J., p. 972, n. 13. (9) 7 C. J., p. 967, n. 54, 55 New. (10) 7 C. J., p. 967, n. 57, p. 972, n. 13.

APPEAL from a judgment of the Superior Court of Colusa County. Ernest Weyand, Judge. Affirmed.

The facts are stated in the opinion of the court.

Fred C. Peterson and Alfred J. Hennessy for Appellant.

Atran & Sheets for Respondents.

PLUMMER, J.—This action is based upon section 196a of the Civil Code and is prosecuted for the purpose of securing a judgment or decree providing for the maintenance of an illegitimate minor child out of the estate left by its putative father. A demurrer, filed by the defendants to the plaintiff's complaint, was sustained without leave to amend, and from the judgment entered, following the sustaining of the demurrer, the plaintiff appeals.

The allegations of the complaint are to the effect that the plaintiff, Jack Myers, is an illegitimate child of Edward B. Myers and one Norine Vaughn; that the said Edward B. Myers died testate prior to the birth of the plaintiff herein; that, by the last will and testament of said Edward B. Myers, all of his estate, both real and personal, was devised to the defendant Jake Myers; that the mother of the plaintiff, Norine Vaughn, is without means to furnish the plaintiff adequate support, maintenance, and education suitable to his station in life, and that the sum of $100 per month is necessary for said purpose, and that a charge should be placed upon the estate of the said Edward B. Myers, payable out of the same, until the said minor shall have reached the age of majority. A detailed description of the real estate left by the said Edward B. Myers at the time of his death is set forth in the complaint.

While the argument of counsel in this case has been both learned and interesting, a decision of the questions involved rests almost entirely upon the provisions of the codes. Section 196a of the Civil Code, relating to the support of an illegitimate child, reads: "The father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances. A civil suit to enforce such obligations may be maintained in behalf of a minor illegitimate child, by his mother or guardian, and in such action the court shall have power to order and enforce performance thereof, the same as under sections 138, 139 and 140 of the Civil Code, in a suit for divorce by a wife." Section 138 of the Civil Code, referred to in section 196a, empowers the court, during the pendency of an action for divorce, or, at the final hearing thereof, or, at any time thereafter during the minority of the child of the marriage, to make such order for the custody, care, education, maintenance, and support of such minor child, as may seem necessary or proper, and may at any time modify or vacate the same. Section 139 is similar in purport as to the power of the court to provide for maintenance. Section 140 of the Civil Code relates to procedure, and, also, to the remedies which may be adopted to enforce the judgment or decree of the court by providing for the giving of security, the appointment of a receiver, or by other remedy applicable to the case. Section 205 of the Civil Code has for its purpose the enforcing of maintenance of minor children. It reads: "If a parent chargeable with the support of a child dies, leaving it chargeable to the county, and leaving an estate sufficient for its support, the supervisors of the county may claim provision for its support from the parent's estate by civil action, and for this purpose may have the same remedies as any creditors against that estate, and against the heirs, devisees and next of kin of the parent." Section 200 of the Civil Code is also called to our attention, but the fact that the mother of an illegitimate unmarried minor is entitled to its custody, services, and earnings does not, we think, have any particular bearing upon the obligation imposed by section 196a of the Civil Code. [1] Prior to the adoption of this last-mentioned section, there was no legal obligation resting upon the father of an illegitimate child to furnish it support or give it an education. In 1913, however, the legislature of this state added this section to the

code and thenceforth it became the mutual obligation of both the father and mother. [2] In the enforcing of the obligation, it is, of course, necessary to establish the fact of parentage. The section fixing this obligation upon the father of an illegitimate child does not, in and of itself, presuppose that a judgment decreeing the fact of parentage must first be had and obtained before any suit may be maintained for maintenance or support. There appears to be no valid reason why the fact of parentage and the question of the necessity of support and, also, of the ability to support may not all be litigated and determined in one proceeding. In other words, if the action can be maintained provided for, under the terms of section 196a, all the facts and circumstances necessary to support a judgment or decree for maintenance and support may be inquired into and determined, and the enforcement thereafter of the judgment depends entirely upon the rights and interests which the illegitimate minor has acquired in and to the property of his putative father and the liens or charges upon and against the property of the putative father that may have been adjudged and decreed.

[3] In divorce proceedings and the remedies there provided which are made applicable to actions seeking maintenance for illegitimate children, it has frequently been held that the power of the court is a continuing one until the minor child, of which the court has jurisdiction, requires no further aid or payment out of a parent's property, and it seems that this power does not necessarily terminate with the death of the parent whose property has been charged with such support. In *Stone* v. *Bayley,* 75 Wash. 184 [48 L. R. A. (N. S.) 429, 134 Pac. 820], the supreme court of Washington, in considering the statute of that state, which authorizes courts in divorce proceedings to make provision for minor children, thus expresses its views: ''This statute clearly recognizes the power of the court to burden the property for the benefit of children. Under this statute we have repeatedly held that that jurisdiction of the court was a continuing one 'so long as there is a minor child whose maintenance and welfare are provided for in the decree.' *Poland* v. *Poland,* 63 Wash. 597 [116 Pac. 2] ; *Fickett* v. *Fickett,* 39 Wash. 38 [80 Pac. 1134] ; *Dyer* v. *Dyer,* 65 Wash. 535 [118 Pac. 634]. The power of the court is not confined to the imposition of a mere personal claim. *King* v. *Miller,* 10 Wash. 274 [38 Pac.

1020]. In the absence of statutory inhibition, it is the general rule that such provisions for support do not necessarily terminate upon the father's death. 'A decree directing a father to provide for the support of his minor children until the further order of the court is not necessarily discharged by his death.' ''

The opinion of the supreme court of Washington is a learned and comprehensive one, fully supported by the authorities stated and clearly establishes the rule that when a decree has been entered providing for maintenance during minority, it is a continuing one and does not abate simply by the death of the parent against whose estate such maintenance is made a charge. [4] The very terms of section 140 of the Civil Code include the idea of making provision for a continuing period by the requirement of the giving of security, or the appointment of a receiver, or by other remedy applicable. To the same effect is the rule laid down in section 309 of Ruling Case Law, page 484, where it is stated, ''there is no sound reason why the estate of a father should not be charged with the obligation to provide support for his minor children after his death,'' etc.

These remedies, however, are attendant upon the prosecution of an action for divorce and the entry of final judgment therein. ''It is well settled that an action for divorce does not survive the death of either party.'' (1 Cal. Jur., p. 74, sec. 44.) In such event, other provisions of the code must be relied upon whenever maintenance is sought for minor children. The various provisions of the Code of Civil Procedure relating to the maintenance of the widow and minor children, or of the minor children, are the only ones which are peculiarly and particularly enforceable by and on the part of those directly interested and for whose support and maintenance allowances or money payments are sought.

[5] Our attention has been called to another section of the Civil Code, which, under certain contingencies, gives certain public authorities the right to prosecute actions for support of minor children. We refer to section 205 of the Civil Code, *supra*. It would seem that this section can only be invoked when the minor has become, or is about to become a public charge, and has been left unprovided for by a deceased parent chargeable with its support. In this particular, we do not find that the code makes any distinction be-

tween a legitimate and an illegitimate minor child, because, as we have seen, the first section of 196a charges the father as well as the mother, with such support. The language is, "the father as well as the mother, of an illegitimate child must give him support and education suitable to his circumstances." The word "must" is obligatory in its meaning and fixes the duty definitely, and under section 205, it would seem that unless the right is otherwise barred when such child has become, or is about to become, a public charge, the property of either one of the parents may be proceeded against for the purpose of reimbursing the public on account of the circumstances attendant on the support of such minor child. The section itself purports to reach out and give authority to take the estate of the deceased parent, from the heirs, devisees, or next of kin. In other words, the duty to the public precedes the mere enjoyment of a bounty by devisees or heirs. **[6]** It has been frequently held that succession, or the transmission of property, is a matter of legislative grant, and not merely a natural right, and, hence, it would follow that any property so taken may be charged by the legislature with any burden that the wisdom of the legislature may impose. The section with which we are dealing, however, is limited in its terms as to who may prosecute such an action. It will be observed that this right or privilege is given to the supervisors of the county and not to anyone coming under the terms and provisions of section 196a of the Civil Code. Section 196a does not purport to reach out and charge any decedent's estate in its operation and effect. This is given by sections 138, 139, and 140 of the Civil Code, which are made applicable to the enforcement of section 196a, and, therefore, to the extent that they limit and circumscribe the power of the court, the power of the court coming under section 196a is likewise limited and circumscribed. These sections, as we have seen, and by the authorities which we have cited, make the rights dependent upon and the enforcement of such rights dependent upon the entry of a decree of final divorce, and do not exist and cannot be enforced if, by the death of one of the parents, the divorce proceedings abate prior to the entry of judgment.

With these considerations in view, we come next to section 1582 of the Code of Civil Procedure, relating to suits against executors and personal representatives. That section reads:

"Actions for the recovery of any property, real or personal, or for the possession thereof, or to quiet title thereto, or to determine any adverse claim thereon, and all actions founded upon contracts, may be maintained by and against executors and administrators in all cases in which the same might have been maintained by or against their respective testators or intestates." Section 1584 of the Code of Civil Procedure also permits any person, or his personal representative, to maintain an action against the executor or administrator of anyone who, in his lifetime, has wasted, destroyed, taken, or carried away or converted to his own use the goods or chattels of any person, or committed any trespass on real estate of such person.

Section 1493 of the Code of Civil Procedure specifies that all claims arising upon contract, whether due or contingent, etc., must be presented for allowance. These sections of the Code of Civil Procedure are the only ones authorizing persons, or their personal representatives, to maintain actions against executors or administrators. If the action does not arise upon contract, and is not one for waste or trespass, then it must have for its basis the enforcement of some specific lien or charge against the property of the deceased which is not cut off or released by the death of the person whose estate it is sought to make liable for the satisfaction of such lien or charge. If such lien or charge does not exist, these sections of the code do not provide for their creation and subsequent enforcement. Section 196a of the Civil Code declares a duty and then provides for the enforcement of the obligation. Section 1428 of the Civil Code divides obligations into two classes,—1. One arising upon the contract of the parties, and 2. One arising by operation of law. Either of these obligations is enforceable by civil action. Section 26 of the Code of Civil Procedure, in relation to obligations, reads: "An obligation is a legal duty, by which one person is bound to do or not to do a certain thing, and arises from: 1. Contract; or, operation of law." In limiting the kind of actions on obligations which may be prosecuted against executors or administrators, the right to sue is awarded only upon actions founded upon contracts, and nothing is said in relation to allowing such actions which arise only by operation of law. **[7]** The granting of a right to sue an administrator or executor is a privilege extended by

the legislature and, we think, that when the legislature sets forth what actions may be prosecuted, it necessarily excludes all those not mentioned.

The fact that section 205 of the Civil Code and section 1582 of the Code of Civil Procedure became the law of this state at the time the codes were adopted, and, therefore, are to be read together in ascertaining the intent of the legislature, and the powers granted, do not in anywise add to the provisions of section 196a of the Civil Code. That section gives a substantive right, and at the same time incorporates three sections of the same code in providing remedies, or the manner of enforcing the granted rights. [3] Thus, even though the correct construction of section 205 of the Civil Code and section 1582 of the Code of Civil Procedure gives to the counties, acting through boards of supervisors, the right to subject a parent's estate to the support and maintenance of a minor child when he is about to become a public charge, or has become a public charge, it does not permit the reading into section 196a of the Civil Code of a similar grant of authority, when the language of that section contains no provisions affecting the estate of a deceased person similar to those found in section 205 of the Civil Code. There are certain cases decided by the supreme court of Indiana which uphold the right of an illegitimate child to maintain an action similar to the instant case after the death of the putative father, but these decisions are all founded upon section 2 of the act of 1852 of that state (2 Rev. Stats. 1852, p. 490), which reads: "In case of the death of the putative father of such child either before or after the commencement of prosecution, the right of action shall survive and may be prosecuted against the personal representative of the deceased with like effect as if such father were living."

Our attention has been called to the cases of *Major* v. *Walker*, 23 Cal. App. 465 [138 Pac. 360], and *Lininger* v. *Botsford*, 32 Cal. App. 386 [163 Pac. 63], where the actions were held maintainable against the stockholders in a corporation for and on account of liabilities incurred through torts committed by the corporation. These cases, however, hold that the liability is in the nature of a contract; that the constitution of the state and the acts of the legislature relating to the liability of stockholders constitute a part of the contract entered into by the stockholder whenever he purchases

certificates of stock in a corporation, and, being in the nature
of actions *ex contractu,* do not abate and may be prosecuted
under the express terms of section 1582 of the Code of Civil
Procedure, and the estates of deceased stockholders held lia-
ble for their proportionate share of the liability of the cor-
poration of which they were members, even though the lia-
bility arises out of the tort committed by the corporation.   In
*Clark* v. *Goodwin,* 170 Cal. 527, [L. R. A. 1915A, 1142, 150
Pac. 357], the court considered the question of whether an
action could be maintained which sounded in tort after the
death of the wrongdoer, the action being founded upon sec-
tion 377 of the Code of Civil Procedure, and it was there
held that upon the death of the wrongdoer, the action abated
and, also, that section 385 of the Code of Civil Procedure,
relating to the survival of actions, did not change the com-
mon-law rule as to the survival of *causes of action* and that
where the cause dies with the death of the wrongdoer, there
is no survival, unless expressly so provided by statute.

[9] It has been strongly argued that the proceeding re-
lating to illegitimate children and the requiring of support
thereof by the putative father are equitable in character by
reason of the powers which the court having to do with such
cases may exercise.   But the real gravamen of the charge is
a pure legal question.   The fact of parentage and then the
obligation for the support of the child, after this fact is
established, is also a pure legal provision of the Civil Code,
as found in section 196a.   It is true that, after all the legal
facts have been established and found, the court, in the
enforcement of the judgment reached, after the entry of
such judgment, exercises certain equitable powers, does not,
in our opinion, change the purely statutory character of
the action and of the obligation imposed.   [10]   The pro-
ceeding under our Civil Code is a modified form of the
bastardy proceedings which were punitive in character and
subsisted prior to the creation of the civil remedies, which
we have been here considering.   Under the common law, all
such proceedings abate upon the death of the putative father.
Considering this subject, we find in 1 Ruling Case Law,
page 40, section 37, the rule of the common law set forth as
follows: ''Such proceedings will not survive against the per-
sonal representatives of the alleged father who dies pending
the proceeding, in the absence of a statute to the contrary.

The proposition finds no favor at the common law, and there is no fitness in the proceeding which would adapt itself to the principle of survivorship, it being criminal in form and an extraordinary means to compel a father to assist in the support of his illegitimate child or suffer imprisonment as a penalty for his neglect to do so.'' Other objections are set forth including the questionable policy of permitting a living woman to swear the paternity of her illegitimate offspring upon a person whose lips are closed in death.

An early case on this subject of abatement is that of *Mc-Kenzie* v. *Lombard,* 85 Me. 224 [27 Atl. 110]. The supreme court of Maine there said: ''The question here is whether a bastardy proceeding survives against the personal representatives of a respondent who has died during the pendency of the proceeding in court before a trial has been had. We feel strongly assured that it cannot survive. The proposition finds no favor in the common law, and there is no statutory provision authorizing it. . . . The process, though held to be a civil proceeding, is criminal in form, and is an extraordinary means to compel a father to assist in the support of his illegitimate child, or suffer imprisonment as a penalty for his neglect to do so.'' It is true the court also there said that no judgment was sought for or was obtainable against property, which is not the case under our codes, but the nature of the action is the same, and differs only in the remedies provided. This case was followed by the supreme court of Michigan in *People* v. *Kemppainen,* 163 Mich. 186 [30 L. R. A. (N. S.) 1166, 128 N. W. 183]. In the notes appended to this case we find that the North Carolina supreme court, the only other state where the precise question seems to have been presented, follows the same rule. Where the rule of the common law in relation to the abatement of such proceedings is not followed, so far as we have been able to ascertain, it is because the statutes of the states have provided for survival of such actions and the prosecution thereof against personal representatives for the purpose of subjecting the estate of the deceased to the support of the illegitimate child. We find nothing in the acts of the legislature of this state which leads us to the conclusion that the common-law rule as to the abatement of such proceedings, upon the death of the putative father, has been changed.

It is for the legislature and not the court to modify the harshness of the common law in this particular. The judgment of the trial court is hereby affirmed.

Hart, J., and Finch, P. J., concurred.