267 So.2d 370 (1972)
Ruth Lacy CARPENTER, As Administratrix of the Estate of Donn Michael Carpenter, Deceased, Appellant,
v.
Mildred M. SYLVESTER, Appellee.
No. 72-763.
District Court of Appeal of Florida, Third District.
October 17, 1972.
Quinton, Leib & Aurell, Miami, for appellant.
Spencer & Taylor, Miami, for appellee.
Before CHARLES CARROLL, HENDRY and HAVERFIELD, JJ.
CARROLL, Judge.
After the death of Donn Michael Carpenter the appellee Mildred M. Sylvester filed an action under Chapter 742 Fla. Stat., F.S.A., against the administratrix of his estate for determination of paternity and for child support. The allegations in the complaint were as follows:
"1. The plaintiff is an unmarried woman who did give birth on January 14, 1970, to [a named child].
"2. Donn Michael Carpenter, deceased is the father of said child."
*371 The defendant administratrix moved to dismiss the complaint on the ground of improper venue (because the action was not filed in the county of residence of the plaintiff or that of the alleged father as required by the statute) and on the ground that the action did not survive and would not lie against the personal representative of the alleged father. The trial court entered an order denying the motion to dismiss, and the defendant appealed.
Section 742.011 Fla. Stat., F.S.A., provides that an unmarried woman who shall be pregnant or delivered of a bastard child may bring proceedings in the circuit court to determine the paternity of such child. Section 742.021 states that the proceedings shall be by verified complaint filed in the circuit court "of the county in which the woman resides or of the county in which the alleged father resides," and provides for process to be directed to "the defendant," requiring "the defendant to file his written defenses to the complaint." Provision is then made, in § 742.031, for hearing and determination of the issue as to paternity. Regarding support to be awarded upon paternity being established, the statute provides: "[T]he court shall order the defendant to pay monthly for the care and support of such child the following amounts:" [stating certain amounts].
The statute contains no provision for survival of the action after death of a putative father. Not only does the statute fail to contain language indicating an intent of the legislature for such an action to be maintainable against the estate of an alleged father after his death, but the provisions of the statute referring only to institution and progression of such action against the putative father as "defendant," import legislative intent that the action, when brought, be one against the putative father.
Under the common law no duty reposed in a putative father to support his child born out of wedlock. The remedy supplied, being derogatory of the common law, is defined and limited by the statute, the terms of which must be substantially complied with in the prosecution of actions thereunder. T.J.K. v. N.B., Fla. App. 1970, 237 So.2d 592; State v. Rowe, 99 Fla. 972, 128 So. 7; Ex parte Hayes, 25 Fla. 279, 6 So. 64.
The question involved here, of whether an action can be maintained under the Florida bastardy statute against the estate of a deceased putative father who has died prior to institution of such action, does not appear to have been passed on by the appellate courts in this state.
Cases dealing with whether death of the putative father abates such an action are not numerous. See annotations in 119 A.L.R. 632 and 148 A.L.R. 689. Courts in other jurisdictions, when confronted by this question of abatement, have held uniformly that death of a putative father during the pendency of an action against him under a bastardy statute abates the action, unless the statute contains provision for its survival and prosecution against his estate. Myers v. Harrington, 70 Cal. App. 680, 234 P. 412; McKenzie v. Lombard, 85 Me. 224, 27 A. 110; Matter of Middlebrooks v. Hatcher, 55 Misc.2d 301, 285 N.Y.S.2d 257; Pryor v. Jump, 183 Okla. 560, 83 P.2d 831, 119 A.L.R. 627. See also 4 Fla.Jur., Bastards § 23 and 10 Am.Jur.2d, Bastards § 97.
In addition to the cases dealing with abatement of a pending action, our research has revealed two cases which dealt with the question presented here, that is, the effect of death of the putative father before action, as precluding the bringing of an action under a bastardy statute against his estate. One such decision, rendered in 1859 in North Carolina, is State ex rel. Clements v. Durham's Adm'rs, 52 N.C. 100. There it was held that bastardy proceedings could not be commenced and *372 prosecuted after the death of the reputed father, to charge his estate with the maintenance of the bastard child, where (as in this case) the bastardy statute under which the proceeding was sought to be maintained referred solely to the putative father and did not provide or in any way suggest that his personal representative could also be held liable for support of the child. The other case, which held to the same effect, was Toms v. Lohrentz, 37 Ill. App.2d 414, 185 N.E.2d 708.
The appellee contends that because of § 46.021, Fla. Stat., F.S.A. for survival of actions generally,[1] the action provided for in the bastardy statute should be held to survive the death of the putative father and be maintainable against his personal representative.
We hold that contention is without merit. In cases in other jurisdictions where a general statute for survival of actions was relied on as preventing abatement of action under a bastardy statute by reason of the death of a putative father, it was held that the general survival statute did not have that effect, and that in order for an action under the bastardy statute to survive the death of a putative father it was necessary that there be legislation providing therefor. We so hold in this case.
In State ex rel. Clements v. Durham's Adm'rs, supra, where the enabling statute referred solely to the putative father and did not provide for maintenance of such action against his personal representative, the North Carolina court held the action could not be brought against the administrator of a deceased putative father, notwithstanding the existence of a general survival statute reading: "No action, suit, bill in equity, or information in the nature of a bill in equity, or other proceedings of whatever nature, brought to recover or obtain money, property or damages, or to have relief of any kind whatever, whether the same be at law, or in equity, except suits for penalties, and for damages merely vindicative, shall abate by reason of the death of either party." Likewise, in Pryor v. Jump, supra, it was held that a cause of action provided for by statute against a reputed father of a bastard child for support and maintenance of such child did not survive his death where the applicable bastardy statute did not provide therefor, notwithstanding a general survival statute.
Conversely, where the statute upon which the action is based provides for it to survive and be maintainable against the estate of a deceased putative father, an action may be so maintained.[2] However, as stated earlier herein, the Florida bastardy statute does not so provide.
For the reasons assigned we hold it was error to deny the motion to dismiss. The order appealed from is reversed, and the cause is remanded to the circuit court with direction to enter an order dismissing the complaint.
NOTES
[1] "No cause of action dies with the person. All causes of action survive and may be commenced, prosecuted and defended in the name of the person prescribed by law."
[2] For example, in Indiana a bastardy statute provided that "in case of the death of the putative father of such child (bastards), either before or after the commencement of prosecution * * * the right of action shall survive, and may be prosecuted against the personal representatives of the deceased with like effect as if such father were living." See State ex rel. Wilson v. Williams (1856) 8 Ind. 191.