375 So.2d 61 (1979)
Linda Grant BELL, Appellant,
v.
Charles E. SETZER, Appellee.
No. 78-1836.
District Court of Appeal of Florida, Second District.
September 26, 1979.
Michael K. Stuckey, Clearwater, for appellant.
Douglas J. Loeffler, of Fox, George, Loeffler & Downey, P.A., Clearwater, for appellee.
HOBSON, Acting Chief Judge.
Appellant Linda Grant Bell appeals a final order granting appellee's motion to dismiss her paternity action against him. The issue presented is whether appellee's death during the pendency of the suit abated appellant's cause of action. We hold that, under present Florida Law, the death of the putative father during the pendency of a paternity suit does abate the cause of action.
Section 732.108(2)(b), Florida Statutes (1977), states that a person born out of wedlock is a lineal descendant of his father if the paternity of the father is established by an adjudication before or after the father's *62 death. Clearly, the legislature intended to allow a plaintiff to maintain suit against the putative father's estate. Encouraged by this provision, plaintiff turns to the Florida Bastardy Act whose procedures are "in lieu of any other proceedings provided by law for the determination of paternity and support of children born out of wedlock." Section 742.10, Florida Statutes (1977). Thus restricted to the terms of Chapter 742, plaintiff searches in vain for the procedural guidelines hinted at in Chapter 732. There are no procedural methods set out in Chapter 742 for the maintenance of a paternity suit against other than a living defendant. Further, in the case of Carpenter v. Sylvester, 267 So.2d 370, 58 A.L.R.3d 183 (Fla.3d DCA 1972), the court held that a paternity suit could not be brought initially against the estate of a deceased defendant, and discussed in dicta, cases from other jurisdictions which uniformly held that the death of a putative father during the pendency of an action under a bastardy statute abates the action, unless the statute contains provision for its survival and prosecution against his estate.
In the instant case, Linda Bell filed her complaint pursuant to Chapter 742. But for the death of the putative father, her cause of action would have proceeded to a final resolution. Unfortunately, Mr. Setzer's untimely demise left her with no recourse against his estate.
We must affirm the dismissal of appellant's action, but strongly urge the Florida Legislature to resolve the conflict presented by the circumstances of this case.
AFFIRMED.
SCHEB and RYDER, JJ., concur.