LILES, WOODIE A. (Retired), Associate Judge.
Decedent, Nubar S. Donoyan, died intestate on May 19, 1979. He is survived by, among others, an alleged illegitimate son Ralph Donald Wilburn. Ralph Donald was born to Luise Irene Schmidt on August 29, 1955, and was adopted by John D. Wilburn and Aileen Wilburn on August 5, 1969, in Giles County, Tennessee.
A petition to determine beneficiaries was filed by the personal representative of the Estate of Nubar S. Donoyan in the Eighth Judicial Circuit in and for Alachua County, where Donoyan’s estate was being probated. Following various and sundry pleadings and change of attorneys, a motion for judgment on the pleadings was filed and heard by the trial judge, before whom it was urged that § 732.108, Florida Statutes, was unconstitutional in that it violated both the federal and Florida constitutions; and further that if the said section was constitutional, Ralph Donald did not fall within the purview of the statute. Subsequently, the trial judge ruled:
“The Court finds that the Statute is constitutional and that Wilburn falls within its purview. By virtue thereof, and with special consideration given to the fact that he was indeed adopted, he is barred, as a matter of law, from asserting a claim as a lineal descendant of his alleged father.”
In reviewing the court’s order as regards Ralph Donald’s motion for judgment on the pleadings, we affirm that part of the trial court’s ruling quoted above. However, the trial judge went on to find:
“Furthermore, the Court finds, pursuant to Bell v. Setzer, 375 So.2d 61 (Fla.2d DCA 1979), that although Section 732 has been passed by the legislature intending to allow a Plaintiff a paternity suit after his father’s death, Section 742, the Florida Bastardy Act, whose proceedings are in lieu of any other proceedings provided by law for the determination of paternity and support of children born out of wedlock, provides no procedure for the maintenance of a paternity suit against other than a living Defendant. Thus, Wilburn can in no wise prevail, and judgment on the pleadings should be entered in favor of the Personal Representative.”
The Supreme Court has, since the entry of this order, ruled in Kendrick v. Everheart, 390 So.2d 53 (Fla.1980), that § 742.10 is limited in its application to suits brought by a mother to enforce her child’s support rights against the natural father. The Supreme Court having limited the “in lieu of” *617 language, the fact that Chapter 742 provides no procedure for maintenance of a paternity suit for purposes of inheritance is of no consequence in this appeal, and the Legislature might well address this question. It was noted further in Kendrick, supra, that paternity determinations have been permitted in contexts other than paternity proceedings brought under Chapter 742 where such determinations were a necessary incident to the adjudication of the ultimate relief sought in the particular proceedings involved. However, this case was correctly decided by the trial court in holding that Ralph Donald falls within the purview of § 732.108 and is barred as a matter of law from asserting a claim as the lineal descendant of Donoyan. A perusal of this statute reflects the following:
(1) For the purpose of interstate succession by or from an adopted person, the adopted person is a lineal descendant of the adopting parent and is one of the natural kindred of all members of the adopting parent’s family, and he is not a lineal descendant of his natural parents, nor is he one of the kindred of any member of his natural parent’s family or any prior adoptive parent’s family ... [emphasis added]
(2) For the purpose of intestate succession in cases not covered by subsection (1), a person born out of wedlock is a lineal descendant of his mother and is one of the natural kindred of all members of the mother’s family. The person is also a lineal descendant of his father and is one of the natural kindred of all members of the father’s family ... [emphasis added]
The problem here is that subsection (2) does not apply to Ralph Donald since he is covered by subsection (1). We therefore need not concern ourselves any further except to consider the allegation that the statute is unconstitutional for the reason that it does not afford equal protection under the federal or state constitutions, and we believe this argument to be without merit. Appellant has furnished us with an abundance of statistical information regarding the increase of illegitimacy and the social reasons why § 732.108 should be declared unconstitutional. This argument can best be made before the Legislature which has the obligation to decide the social consequences of legislation. However, the statistics do nothing to convince us that there has been a denial of equal protection. The section simply provides that an adopted person is not a lineal descendant of his natural parent. Other provisions in the section provide that he is a lineal descendant of his adopting parents, the consequence of which affords him full and equal protection to inherit from his adoptive parents.
In conclusion, the order of the trial judge is affirmed insofar as it holds the statute is constitutional and that Ralph Donald Wilburn comes within the purview of § 732.108(1), thereby being barred as a matter of law from asserting a claim as a lineal descendant of his alleged father. Establishing paternity by whatever means provided by law would avail Wilburn no relief since his adoption bars inheritance from the estate of his alleged father.
AFFIRMED.
ROBERT P. SMITH and THOMPSON, JJ., concur.